In the Matter of the Application of WILLIAM C. DUELL, Appellant, for a Peremptory Writ of Mandamus against MARTIN H. GLYNN, as Comptroller of the State of New York, Respondent.

JOHN D. SULLIVAN, Respondent.

Third Department, November 13, 1907.

Tax Law — section 234 construed — appointment of transfer tax assistants in certain counties — power of State Comptroller.

The State Comptroller, by virtue of section 234 of the Tax Law, as amended, has power to appoint, on the "recommendation" of the surrogate, and remove at pleasure, transfer tax assistants in certain counties, including the county of Westchester; and when three persons are certified by the Civil Service Commission as qualified for appointment to that position in said county, the Comptroller, in making the appointment, is not limited to the particular person recommended by the surrogate.

Although under the statute the appointment must be made on the "recommendation" of the surrogate, the latter is not entitled to name the appointee, but only to determine the necessity of the appointment.

KELLOGG, J., and SMITH, P. J., dissented, with opinion.

APPEAL by the petitioner, William C. Duell, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 12th day of July, 1907, denying his application for a peremptory writ of mandamus.

*James M. Hunt,* for the appellant.

*William J. Roche* and *William S. Jackson, Attorney-General,* for the respondent State Comptroller.

*Henry C. Henderson,* for the respondent Sullivan.

Order affirmed, with costs, upon the opinion of Mr. Justice FITTS at Special Term.

All concurred, except KELLOGG, J., dissenting in opinion in which SMITH, P. J., concurred.

The following is the opinion delivered at Special Term:

FITTS, J.:

Application is made by William C. Duell, the relator above named, for an order granting a peremptory writ of mandamus against Martin H. Glynn, as Comptroller of the State of New York, directing him to revoke the appointment of John D. Sullivan to the position of transfer tax assistant in the office of the surrogate of the county of Westchester and to appoint him to such position.

During the month of January, 1907, I. Sumner Burnstine, the incumbent of that office, died, having been appointed to that position immediately after the enactment of chapter 173 of the Laws of 1901 containing section 234 of the Tax Law, and having continued to hold that position down to the time of his death.

After the death of Mr. Burnstine the State Board of Civil Service Commissioners caused an examination to be had for applicants for appointment to fill the vacancy caused by his death for the purpose of certifying an eligible list. The State Board of Civil Service Commissioners, as a result of that examination, certified an eligible list of three names, including that of Mr. Sullivan and the relator herein. Thereafter the surrogate of Westchester county recommended to the State Comptroller the appointment of relator. The State Comptroller did not appoint the relator, but did appoint Sullivan, who had not been recommended for such appointment by the surrogate of the county of Westchester. The eligible list as certified by the State Board of Civil Service Commissioners contained three names, and upon that list Sullivan was graded the highest and relator the lowest.

There is no dispute of facts in this proceeding, and the decision of the court must, therefore, turn upon the interpretation to be given to the language of section 234 of the Tax Law, as amended by chapter 368 of the Laws of 1905 and chapter 699 of the Laws of 1906, the same reading as follows: "§ 234. Surrogate's assistants in New York, Kings and other counties.— The State Comptroller may, upon the recommendation of the surrogate, appoint and may at pleasure remove assistants and clerks in the surrogate's offices of the following counties, at annual salaries to be fixed by him, not to exceed the amounts hereinafter specified: * * *

"4. In Westchester county, a transfer tax assistant, two thousand five hundred dollars."

In the year 1896 the provisions of law relative to taxable transfers were incorporated in the general Tax Law of the State (Laws of 1896, chap. 908), and are there designated as article 10, and are embraced within the sections 220 to 242, inclusive.*

By section 230 of that act power and authority was conferred upon surrogates to appoint transfer tax appraisers.† In the year 1901, section 230 of the Tax Law was amended by the Legislature (Laws of 1901, chap. 173), so as to confer upon the State Comptroller power to appoint and remove tax appraisers in certain counties in this state, including the county of Westchester. So as the law stands to-day,‡ the State Comptroller has the authority and power to appoint and remove for the county of Westchester the tax appraiser and the transfer tax assistant, except that in the case of the transfer tax assistant no authority or power is conferred upon him to make such appointment, except upon the recommendation of the surrogate of that county.

The question, therefore, to be determined is, has the Comptroller the absolute right to appoint or, in making his appointment or selection, must he name the person recommended to him by the surrogate?

---

* Additional sections have since been added.— [REP.

† See, also, Laws of 1897, chap. 284; Laws of 1899, chap. 76, and Laws of 1900, chap. 658, amdg. said section.— [REP.

‡ See Tax Law, § 230, as amd. by Laws of 1901, chaps. 173, 493; Laws of 1902, chap. 496, and Laws of 1904, chap. 758, and renumbered § 229, and amd. by Laws of 1905, chap. 368; Laws of 1906, chap. 567, and Laws of 1907, chap. 709. See, also, Laws of 1901, chap. 173, § 18, as amd. by Laws of 1901, chap. 288.— [REP.

In the American and English Encyclopædia of Law (Vol. 2 [2d ed.], p. 473) "appointing power" is defined as follows : " This phrase, when employed in reference to matters pertaining to government, or to the distribution of the powers of government, means the power of appointment to office ; the power to select and indicate by name individuals to hold office and to discharge the duties and exercise the powers of officers."

The meaning, force and effect of the term " appointment" when used in connection with appointment under the law, is defined in the case of *People ex rel. Balcom* v. *Mosher* (163 N. Y. 32). And at page 40 Judge MARTIN, in writing the opinion of the court, defines the term as follows : " The decisions of this and other courts, State and Federal, as to the meaning of the word 'appointment,' and what constitutes an appointment under the law, are to the effect that the choice of a person to fill an office constitutes the essence of the appointment ; that the selection must be the discretionary act of the officer or board clothed with the power of appointment ; that while he or it may listen to the recommendation or advice of others, yet the selection must finally be his or its act, which has never been regarded or held to be ministerial."

The power of appointment and removal is conferred upon the Comptroller, but the power of appointment can only be exercised upon the recommendation of the surrogate. The surrogate is to determine the necessity of the appointment, and if in his judgment no necessity exists for the appointment of a transfer tax assistant, then no authority or power is conferred upon the Comptroller to make such appointment.

Prior to the passage of the act, chapter 368 of the Laws of 1905, the Legislature had conferred authority and power upon the surrogate of Westchester county to appoint a transfer tax assistant.* In that year the Comptroller was substituted as the appointing power, but only upon the recommendation of the surrogate. Inasmuch as the Legislature has seen fit to transfer to and confer upon the State Comptroller power of appointment and removal, both of the tax appraisers and the transfer tax assistant, it can

---

* See Tax Law, § 234, as amd. by Laws of 1901, chap. 173, and Laws of 1902, chap. 283.— [REP.

hardly be assumed that it was its intent to limit the power of appointment of a transfer tax assistant to the person recommended by the surrogate of Westchester county.

The Comptroller is, therefore, not limited in the appointment of a transfer tax assistant for the county of Westchester to the person recommended by the surrogate of that county.

The application of the relator is denied, with ten dollars costs.

An order can be entered accordingly.

KELLOGG, J. (dissenting):

For years before 1905 the transfer tax assistant was a known officer in the surrogate's office of this and other counties. The surrogate appointed and removed him. The amendment of 1905 provided that the Comptroller should appoint such assistant upon the recommendation of the surrogate and he was removable at the pleasure of the Comptroller. This does not mean that the Comptroller was to make a personal appointment in the surrogate's office and might select for the surrogate an assistant personally objectionable to him. The recommendation of the surrogate means that he is to name the person he wants, not that he is to say whether he wants the office filled or not. If the latter had been the intent, it was easy to say that upon the surrogate's requesting that such assistant be appointed, the Comptroller might make the appointment. The office existing, there was no necessity of a suggestion from the surrogate that it be filled. The act to be done by him is to recommend a person whom the Comptroller may or may not appoint. If he does not appoint him, the surrogate will continue to name persons until one is named who is satisfactory to the Comptroller. In this way the assistant is satisfactory to both officials who are interested in the duties of the office. Any other construction forces upon the surrogate an assistant he does not want and who might be personally objectionable to him.

The Comptroller has the sole power of removal. The surrogate has the sole power to name the appointee in the first instance, but the Comptroller makes the appointment. I think the order should be reversed.

SMITH, P. J., concurred.