· STATE ex rel. KOONTZ v. BROWN et al.

Under Code Civ. Proc. § 293, declaring what is deemed excepted to, findings and the judgment are deemed to have been excepted to so as to support an appeal.

Laws 1907, c. 135, § 68, does not relate to the division of school districts, but solely to the original creation of new districts by the board of county commissioners alone, in newly organized counties, and has no relation to the division of districts already in existence by a special board composed of the county commissioners and county superintendent of schools.

Laws 1907, c. 135, § 69, declaring that in any county school districts may be divided as provided in that chapter, applies to all districts, and the further provision that any district comprising two or more civil townships may be divided in accordance with a petition filed and election, is not a limitation on the power to divide confining the division to districts wholly within civil townships or parts thereof, but such provision relates to what may also be done under such section.

Laws 1907, c. 135, § 69, does not give the county commissioners and the county superintendent of schools any discretion in the division of school districts, but their duty is only ministerial, and a district must be divided by them in accordance with a petition filed and election held.

(Opinion filed, Feb. 23, 1910.)

Appeal from Circuit Court, Meade County. Hon. W. G. RICE, Judge.

Mandamus by the State, on relation of Philip Koontz, against David Brown and others, as Commissioners of Meade County, and

Juliet Brown, as Superintendent of Schools of said county.  Judgment for defendants, and relator appeals.  Reversed, with directions.

John T. Milek, Eben W. Martin, and Norman T. Mason, for appellant. James McNenny, for respondents.

McCOY, J.  This is a proceeding in mandamus seeking to compel by mandate of the court the division of a school district. The court made findings of fact and conclusions of law, as follows:  That on the 12th day of March, 1907, a duly and legally petitioned, called, and conducted election was held for the purpose of dividing school district No. 23 of Meade county into two new districts, which said election resulted in ten votes being cast in favor of the proposed division and two votes in opposition. That thereafter the matter of said proposed division duly and regularly came up for action by the board of county commissioners and the superintendent of schools of Meade county, which said officials refused and to this day refuse to divide the said school district in accordance with the return of said petition and election. The said school district No. 23 is eighteen miles long and six miles wide, containing parts of three congressional townships, but no civil township or any part thereof.  That the boundaries of the two proposed districts will not conform to the boundaries of a congressional township, and the line of division will not coincide with a congressional township line.  That the new district to be formed from the eastern part of school district No. 23 contains only four children of school age.  That the school district is free from all indebtedness of whatsoever nature.  As conclusions of law from the foregoing facts, the court finds:  (1) That said election was regularly and legally called, petitioned, and conducted.  (2)  That the board of county commissioners and superintendent of schools of Meade county are under no legal obligation to divide said school district in accordance with the said return of petition and election.  (3) That the defendants are entitled to a judgment against the plaintiff dismissing the case upon its merits and for their costs to be taxed against the relator.

Judgment was thereafter rendered and entered in accordance with said findings of fact and conclusions of law dismissing said

proceedings and adjudging that plaintiff pay the costs. From which judgment the plaintiff has appealed, and assigns the following error: "That the court erred in making conclusions of law No. 2. That the court erred in making conclusion of law No. 3. That the court erred in rendering judgment for defendants and against plaintiff. That the court erred in not rendering judgment for the plaintiff and against the defendants." Respondents first raise the preliminary question that nothing is before this court for review inasmuch as no exceptions were taken to the findings, conclusions, or judgment. This contention is untenable. Finding and judgment were deemed to have been excepted to. Section 293, Code Civ. Proc.; Smith v. Bank, 7 S. D. 465, 64 N. W. 529; L. T. Ditch Co. v. Rapid City E. & G. Co., 16 S. D. 451, 93 N. W. 650.

There is but one question before us for review, and that is: Does the statutory provision give the special board any discretionary power in the matter of the division of school districts, or is their duty only ministerial? If discretionary, then mandamus will not lie. If ministerial, then the plaintiff was entitled to judgment. As we view this case, it must be governed by section 69, c. 135, Law 1907. Section 68 of that chapter does not relate at all to division of school districts, but relates solely to the original creation of original districts by the board of county commissioners alone, in newly organized counties, and has no relation whatever to division of districts already in existence by a special board composed of county commissioners and county superintendent of schools acting together jointly. It appears from the record that this matter was presented to this special board in July, 1907. At that time the repeal of section 2324, Pol. Code, had taken effect by virtue of section 245 of chapter 135, Laws 1907, repealing chapter 22 of the Revised Political Code, of which section 2324 was a part, thus leaving said section 69 as the only authority then existing for division of school districts. This section 69 provides that "in any county school districts may be divided as follows," etc. The terms of this section are general and apply to any and all kinds of districts, whether one mile or eighteen miles long, whether in a civil township or not, only that

the school district must be in some county already existing. The provision contained in this section that "any district which comprises two or more civil townships may be divided in accordance with said petition and election" is not a limitation on the power to divide so as to confine the division to districts wholly within civil townships or parts thereof, but this sentence of the section relates to what may also be done thereunder. If it read that none but districts within civil townships might be so divided in accordance with such petition and election, then it would be restrictive and constitute a limitation on the other parts of the section. The decision of this court in Stephens v. Jones, 24 S. D. 97, 123 N. W. 705, construing the powers of this same special board under section 70 of chapter 135, Laws 1907, must control this case. The principle involved is the same, although the conditions requiring the board to act are different. Under section 70 the filing of the petition prescribed is what requires the special board to act. Under section 69 the petition and election are what require the special board to act. In Stephens v. Jones, it is held that the duties of this special board are purely ministerial.

The judgment of the circuit court is therefore reversed, and it is directed to enter judgment for plaintiff commanding the defendants by mandate of the court to divide said school district No. 23 in accordance with said petition and election returns.