STATE OF SOUTH DAKOTA ex rel. COATSWORTH,
Respondent, v. OLSON, Appellant.

(139 N. W. 336.)

**Schools—School Districts—Creation of New Districts—Boundaries—Division of Existing Districts.**

Laws 1907, ch. 135, Sec. 70, provides that when a majority of the qualified electors of a civil township having school districts smaller than a civil township petition therefor, the county commissioners and superintendent of schools shall declare that

the districts shall comprise a school township district. Sec.
73 provides that when school district boundary lines have been
established they may be changed by the commissioners and
school superintendent on a petition signed by ten legal voters
residing in the districts to be affected, provided, that when it
is sought to form a new district from parts of two or more
counties, the commissioners shall act through a joint commis-
sion, etc. **Held,** that boards of county commissioners and
county superintendents have no authority under Sec. 73, to
create a new school district by division of an existing dis-
trict, or by changes in boundary lines; such section being in-
tended only to authorize readjustment of boundaries of existing
districts.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, Gregory County. Hon. R. B.
TRIPP, Judge.

Certiorari by the State, on the relation of Robert Coatsworth,
against T. B. Olson and others, to review action of county com-
missioners and county superintendent in dividing a school dis-
trict and creating a new one on different lines than those prayed
for in the petition. From a decree in favor of relator, defend-
ants appeal. Affirmed.

*P. J. Donahue,* and *W. J. Hooper,* for Appellants.

Jones school district is a regular organized school district
within Gregory county, South Dakota, and its limits comprise one
congressional township. On September 7, 1910, there was filed
with the county auditor a petition to change the boundary lines
of the said school district and to form a new school district out
of sections fifteen to twenty-two inclusive.

Notice was given to the district board and on September 12,
1910, the county commissioners together with the county super-
intendent of schools of said county acted upon said petition and
allowed the same in part, creating a new school district out of the
south-west quarter of section 15, and section 16, 17, 18, 19, 20 and
21.

We cannot agree with the plaintiffs' attorneys that the
petition must be accepted in whole or rejected in whole. The
statute under which the board acted, is section 73 of chapter 135
of the laws of 1907.

It will be noticed that the commissioners and county superin-
tendent of schools are vested with a discretion. They may change

the boundaries, "If in the judgment of the commissioners and superintendent such change is for the best interest of the patrons of the schools." A construction of this statute which would compel this board, if in their judgment the petition should be allowed in part, to reject the whole petition simply because more was included in the prayer than in their judgment ought to be allowed, would be extremely narrow. The remonstrators do not live in the new district. They cannot complain because the board has seen fit to grant less than was asked for. They have not been injured by the action of the board in granting less, but have rather been benefited.

It has been held that when jurisdiction has been shown, all subsequent proceedings will be liberally construed and a substantial compliance with the statute will be sufficient. Neis v. Franzen, 18 Wis., 537; Kennebunk Toll Bridge, petitioners, 2 Fairf. 263; Merrill v. County Commissioners of Berkshire, 11 Pick. 269; By St. 1835, c. 168, 1; Com. v. West Boston Bridge, 13 Pick. 197; Merril v. County Commissioners of Berkshire, 11 Pick. 275; Ruthland v. County Commissioners of Worcester, 20, Pick. 85; St. 1839. c. 367; Inhabitants of Vassalborough, 19 Maine 33 338.

The plaintiff concedes that under this section 73, the commissioners and superintendent may create a new district out of two or more districts, but that it does not apply to a single district it was necessary to proceed under section 69 of this chapter. The plaintiff's contention is based on the use of the word "districts" in the sections under consideration. It will be noticed that the word is used in the plural. It is a rule of construction adopted as a statute in this state, that, words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears." Section 2468 Civil Code.

Unless, therefore, this court can plainly see that it was the intention of the legislature to limit the application of this section to two or more districts, under authority of School district number 74 vs. Board of County Commissioners of Lincoln County et al, 9 S. D. 291, the court must overrule this objection.

The educational law of this state practically as it now exists, was adopted in 1891, being chapter 56 of the laws of that year. Sub-chapter 3 of said chapter 56, contains in substance the two sections which must be considered in this case, and which have

been above cited. Section 3 of sub-chapter 3 found on page 127 provides two methods for the division of township districts. This section provides two means for making such division; one is by the county commissioners and county superintendent of schools and the other is by a vote of the people of the district. The alternative is substantially the same as section 69 of the laws of 1907. Following this section 3 is sub-division 6, which is in all respects the same as secton 73 under consideration, with the exception that the word "districts," is used in the singular, instead of in the plural, and this law provides for a petition to be signed by a majority of the voters residing in the district.

This law therefore, provides three ways for the creation of new school districts.

1. Under sub-section 1, 2, and 3, of sub-chapter 3 of this chapter 56, by the county commissioners and county superintendent.

2. By a vote of the people as provided in the alternative and which is found under the same section.

3. By change of the boundary lines. It will hardly be contended that a new district could not be created under this section whether formed out of a single district or two or more districts.

The statute expressly uses the word "district" in the singular. It would be just as consistent to hold that because this statuate used the word district in the singular, that it could not apply to the creation of a new district out of two or more districts as to hold in the case at bar, that because the statute used the word "districts" it does not apply to a single district.

This educational law was amended by chapter 78 of the laws of 1893, being chapter 78 of the laws of that year. Under sub-chapter 3 of this chapter may be found the provisions of the divisions of township districts. Section 3 of this sub-chapter provides for the division of a township. The division by the county commissioners and the superintendent of schools is abolished, leaving the division by an election substantially the same as it existed under the laws of 1891, Section 6 of this sub-chapter, relating to the change of boundary lines is substantially the same as section 6 of the same sub-chapter as found in the laws of 1891. The change being that instead of the word "district," is used the

word "district or districts," and the petition instead of being required to be signed by a majority of the voters of the district is to be signed by ten voters of the district.

Under the provision of this section it was expressly held in School District Number 74 v. Board of County Commissioners that the superintendent of schools and the county commissioners had authority to create a new district and it could be created out of a single district or two or more districts. Laws 1893, pp. 112-115. These provisions, construed together, indicate an intention to clothe the commissioners and superintendent with the authority to create new districts. It is reasonable to suppose such was the intention. Otherwise new districts cannot be created, however imperatively they may be demanded by the changes of population in new and rapidly growing counties. The board and superintendent may act upon a petition signed by ten legal voters residing in the district or districts to be affected. This contemplates a change of boundaries which affect only one district. To change district boundaries without affecting more than one district is impossible without creating a new district in the one thus affected.

The educational law was again amended by the laws of 1897, being chapter 57 of that year. Under this chapter the legislature adopted an entirely new and complete educational code. Under sub-chapter 3 we again find the provisions for sub-dividing districts and changing boundary lines. Section 6 is substantially the same as the section under consideration, and as found in the laws of 1891 and 1893. Under this sub-division, the word "district" is used in the singular instead of the words district or districts. We have at this time then, two methods of dividing a township district; one by the election as provided by section 3 of this sub-chapter and another by the creation of a new district by the superintendent of schools and board of county commissioners upon petition by changing boundary. These remedies existed at the same time.

The next amendment to this section is found in chapter 113 of the laws of 1901, when the legislature again adopted a complete educational code. We find that the methods of this sub-division districts and creating new districts is included in sub-chapter 3 of this chapter. Section 3 of this sub-chapter provides

for the division of school districts.    State ex rel Koontz v. Brown,
125 N. W. 294; This method is not limited to township districts
but applies to any other district.    Sub-division 6 relates to the
change of boundaries and is substantially the same, as the same
law is found in 1891, and 1897.    Under this section the word
"district" is used in the plural.  These sections 3 and 6 of this sub-
division were re-adopted under the laws of 1907, as sections 69
and 73 respectively of that chapter.

It will be noticed from a review of the various acts to which I
have called the Court's attention that the words "district" and
"districts" are used indiscriminately.    That in every case it was
clearly the intention of the legislature that the singular included
the plural and the plural singular.  Why should it be so limited
under the constructions of this section 6 of sub-chapter 3 of the
laws of 1901?  Under all of the laws in force before that time,
two methods were given for dividing a single township district.
One by a vote of the people and the other by the commissioners
and superintendent of schools upon petition.    The amendment of
1901, clearly did not change these remedies but simply applied
both, to other districts as well as township districts.

"Intent is the spirit which gives life to a legislative enact-
ment.  In construing statutes the proper course is to start out and
follow the true intent of the legislature and to adopt that sense
which harmonizes best with the context and promotes in the fullest
manner the apparent policy and objects of the legislature."

(Section Edition) Lewis' Sutherland Statutory Construc-
tion, Volume 2, Sections 363.

*William McDonnell,* and *French & Orvis,* for Respondent.

The first question is: Have the county commissioners and
county superintendent of schools the legal right to create a new
district bounding it by lines different from those petitioned for?

We do not need to contend that the authorities cited in appel-
lants' brief on this branch of the case do not correctly state the
law as applied to the facts involved in the cases wherein the de-
cisions were rendered.  We do contend that they have no appli-
cation to the facts of the case now under consideration.

The second question relates to the authority or jurisdiction
of the county commissioners and county superintendent of schools
to create a new district out of a portion of the territory of a sin-

gle school district previously existing. This is the principle question in the case. It is one which we think is decisive.

We are familiar with, and of course, recognize the statutory rule that "words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears." Section 2468 Revised Civil Code.

The sections of the statute to be construed in deciding this case are those numbered 69 and 73 of chapter 135 of the session laws of 1907, found on pages 229 and 230, of that volume. We contend that the word "districts" as used in section 73 of said chapter when read and construed with section 69 of the same chapter, does not mean "district." In other words, in that case, it plainly appears that the plural number does not include the singular. We contend that under the school law now existing, Chapter 135, of the session laws of 1907, the county commissioners and county superintendent of schools have no authority to divide one single district. When a single district is to be divided into two or more dstricts, it can be done only in pursuance of a vote of the electors of the district.

The county commissioners and county superintendent of schools have power under the law to create a new district out of parts of the territory of two or more existing districts, but have no power to create a new district by simply dividing a previously existing school district.

A method of dividing township school districts was provided for by section 3, of sub-chapter 3, page 113, Session Laws of 1893, which reads as follows:

"In any county containing township districts such districts may be sub-divided as follows: Upon receipt of a petition signed by at least one-third of the qualified electors of any township district, it shall be the duty of the district clerk to post a notice on the door of each school house in said school district, calling an election for the purpose of dividing said township district into new districts of one school each. The election shall be held    *    *    *    *    ."

This is the only section found in the school law of 1893 providing for an election in any school district for the purpose of dividing the district, and it will be seen that this section only ap-

ples to dividing township districts into several new districts. It is not at all similar to section 69, laws of 1907, (page 229.)

In section 6 of the same sub-chapter found on page 114 of the session laws of 1893, the use of the words "district or districts" was not accidental. It shows the legislative intent that the section should apply to one single district or to two or more districts. It will be noticed that the petition which was under consideration in the case of School District Number 74 v. Board of Commissioners of Lincoln County, did not ask for the division of a school township into school districts but ask for the creation of a new district out of parts of the territory of three separate school districts.

It is entirely clear that section 3, page 113, Session Laws of 1893, did not cover such a case, and it is equally clear that if the county commissioners and county superintendent of schools did not, under section 6, page 114, laws of 1893, have authority to create a new district by dividing one single district previously existing, that no legal method was provided by the school law of 1893, for making such division and creating a new school district out of a part of the territory of a single school district previously existing.

Section 69, p. 229, Session Laws of 1907, which was in force when the petition in the proceeding at bar was filed with the county auditor, provides: "In any county, school districts may be divided as follows: Upon receipt of a petition signed by at least one-third of the qualified electors of any district, it shall be the duty of the district clerk to post a notice on the door of each school house in said district, calling an election for the purpose of dividing said district into new districts.

It wll be noticed that this section applies to any school district in any county. It is not limited to township districts. Therefore, the law to-day is not as it was in 1893 and is not as it was when the case of School District Number 74 v. the Board of Commissioners of Lincoln County, Supra, was decided. There is now a law, viz: section 69, p. 229, Sessions Laws of 1907, providing a method for creating new districts and for dividing any school district whether a township district or not. State ex rel Koontz v. Brown, 25 S. D. 74.

Again, section 73, chapter 135, session laws of 1907, differs from section 6, p. 114, Session Laws of 1893.

It will be noticed that this section. requires that the petition be signed by voters residing in the "districts" to be affected by the change, while the section containing similar language in the law of 193 provides that the petition must be signed by voters residing in the "district or districts" to be affected by the proposed change. The word "districts" found in section 73 does not as there used, include the singular as well as the plural.

Under section 69, page 229, laws of 1907, any single school district, no matter how large or how small, can be divided into two or more districts only, as the result of an election held in the district. Under section 73 of the same chapter, a new school district can be created by the board of county commissioners and county superintendent of schools only when created from parts of two or more previously existing districts.

Sections 69 and 73 of chapter 135, Laws of 1907, were not intended to give or provide two separate and distinct methods of dividing a single district. One section must be construed as providing a method of dividing a single district and the other as providing a method of creating a new district out of parts of two or more old districts. Thus construed each section serves a distinct purpose and the construction is reasonable and natural and carries out the evident legislative intent.

SMITH, J.    Certiorari from the circuit court of Gregory county to review the action of the board of county commissioners and county superintendent in dividing Jones school district and creating a new district on lines different from those asked for in the petition. The circuit court set aside and annulled the proceedings of the special board, and defendant appeals.

The question decisive of the appeal is whether boards of county commissioners and county superintendents have authority, under the provisions of section 73, c. 135, Laws 1907, to create a new school district by the division of an existing school district. For the purposes of this appeal, it is sufficient to observe that chapter 135, Laws 1907, is an act "to establish a uniform system of education for the state of South Dakota and to repeal certain legislation relating thereto."

Section 245 of the act repeals all existing school laws in conflict, and declares that one of the purposes of the act is to "rearrange, collect and codify the laws of the state relating to the public schools." By section 66 of the act, all existing school districts containing one or more schools, except independent districts, are recognized as school districts. By section 67, in all counties organized for school purposes under the district system, each school district remains a school district corporation until changed as therein provided, and each township not organized into a civil township constitutes a school district corporation until changed as therein provided; and nothing in the act is to be construed to change the boundary lines of any school district, or of any school township, except as therein provided. Section 68 is as follows: "In any county now or hereafter organized, the county commissioners shall divide the county, or the settled portions thereof, into school districts. In the formation of such districts and the formation of their boundaries as provided for in this section, boundary lines of congressional townships shall be made the boundary lines of the districts: Provided that the commissioners may, at their discretion, when for the best interests of the schools, organize one or more congressional townships into one school district. * * *" Section 70 of the act provides: "Upon the receipt of a petition signed by a majority of the qualified electors of any civil township in said county having districts smaller than civil townships, the county commissioners and the county superintendent of schools shall declare that the school districts shall comprise a school township district, and the county superintendent shall appoint the necessary officers as hereinafter provided in section 90, who shall hold until the next election."

Apparently the purpose of these sections was to adopt a system making the boundary lines of all school districts coincide with the boundary lines of congressional townships. Under section 68 the county commissioners are directly authorized and required to do this; and when the best interests of the schools, in their judgment, require they may organize one or more congressional townships into a single school district.

Under the provisions of section 70, the board, upon a petition signed by a majority of the qualified electors of any civil township having districts smaller than civil townships, may con-

solidate the smaller districts and substitute therefor a school township district, and the county superintendent is authorized to appoint necessary officers for the single new township district, to hold until the next election.    Section 73 provides as follows: "After the boundary lines of the several school districts in a county are established, such boundaries at any regular meeting may be changed by the board of county commissioners and the county superintendent of schools upon a petition for such change signed by ten legal voters residing in the districts to be affected by the change; due notice having been given by the county auditor to the school boards of the districts to be affected by such proposed change, if in the judgment of the commissioners and the superintendent such change is for the best interest of the patrons of the schools: Provided that when petition is made for the formation of a district from parts of two or more counties, the commissioners of the said counties may in their discretion appoint a joint commission to establish the boundaires of the proposed district and to adjust all the accounts relatng thereto.    The said joint commission shall appoint the necessary officers in said district.    It shall be the duty of the county superintendent of the county in which the schoolhouse of said district is located to fill all vacancies that may occur thereafter, to license the teacher for said school and to have supervision of the same.    Whenever district boundaries shall be changed under the provisions of this article, it shall be the duty of the county commissioners and the county superintendent to make an apportionment of property and indebtedness as hereinafter provided.    *    *    *  "

Counsel for appellant rely upon the decision of this court in School District v. County Commissioners, 9 S. D. 291, 68 N. W. 746.    That case involved the formation of a new district out of portions of three existing districts.    Section 3, c. 3, Laws 1893, p. 113, provided for the subdivision of township districts into subdistricts of one school each, upon a petition and vote.    No provision was made for division of existing districts other than township districts.    The court held, in effect, that, in the absence of a statute expressly authorizing the creation of a new district out of portions of two or more existing districts, it might reasonably be supposed it was the intention of the Legislature to authorize the county commissioners and county superintendent to accomplish

that end under the provisions of section 6, c. 3, of the act of 1893, p. 114 (section 73, c. 135, Laws of 1907), which provided for changes of boundaries of existing districts.   Section 3, supra, re-enacted as section 69, c. 135, Laws 1907, was there amended to cover the division of all school districts, and the creation of new districts upon a petition and vote.   State ex rel. Koontz v. Brown, 25 S. D. 74, 125 N. W. 294.   We are inclined to the view that this amendment was intended to meet conditions similar to those involved in the Lincoln County Case, and that the views expressed in that case as to the creation of new districts by the change of boundary lines, under the law then existing, should not be held controlling under the present law.   An important limitation is found in section 70, not contained in section 73.   Under the latter section boundaries may be changed upon a petition signed by 10 legal voters residing in the district to be affected; while such change under section 70, resulting in the creation of a new district, can be made only upon the presentation of a petition signed by a majority of the qualified electors of the civil township to be affected.

An examination of the sections of the act of 1907, providing for the creation of new districts, discloses that in every instance provision is made for appointment of officers of the new districts. No such provision is found in section 73, authorizing changes of boundares by the county commissioners and county superintendent, except in the single instance where authority is expressly given to create a new district out of portions of two counties.   A careful examination of the provisions of the act of 1907 convinces us that it was not the legislative intent to authorize the county commissioners and county superintendent to create new districts by changes in boundary lines, upon a petition signed by only 10 legal voters.   It will be observed that in each section expressly providing for the creation of new districts, with the single exception contained in section 73, the consent of a majority of the legal voters residing in the territory to be effected is required, either at an election provided for in section 69, or by a petition, as provided in section 70.

Apparently the Legislature deemed the creation of new districts by the division of existing districts a matter of such importance as to require the action of a majority of the legal voters

affected thereby; and it can hardly be presumed it was also the Legislative intent to clothe the county commissioners and county superintendents with authority to impose upon the electors new school districts, merely upon the presentation of 'a petition signed by 10 legal voters of the district to be affected.

We are satisfied that section 73 was enacted for an entirely different purpose, and was intended to authorize the county commissioners and county superintendents to readjust boundary lines, upon the petition of 10 legal voters, for the convenience of residents of existing school districts, and was not intended to authorize the creation of new and additional districts.

We may note the fact that chapter 242, Laws 1909, is not an amendment to section 69, c. 135, Laws 1907, but we think was intended to make clear the first proviso in section 68 of that act. Chapter 242, supra, strongly reinforces the view above expressed as to the legislative intent in the matter of the creation of new school districts. It requires a petition signed by two-thirds of the electors of the congressional township affected by the creation of a new district, and also provides for the appointment of officers for the same.

Other questions raised on the appeal become immaterial.

The judgment and order of the trial court are affirmed.