BRANDON VALLEY INDEPENDENT SCHOOL DISTRICT NO. 150, Appellant

v.

MINNEHAHA COUNTY BOARD OF EDUCATION, Respondent

(181 N.W.2d 96)

(File No. 10777. Opinion filed November 10, 1970)

**Woods, Fuller, Shultz & Smith, and John E. Simko,** Sioux Falls, for appellant.

**Bruce Blake,** Deputy State's Atty., Sioux Falls, for respondent.

HANSON, Judge.

This appeal by the Brandon Valley Independent School District involves the propriety of a Resolution adopted by the Minnehaha County Board of Education dissolving the Renberg Common School District, and attaching it to the appellant Independent School District. Respondent did not appear or file a brief in the matter.

The Renberg Common School District is situated immediately north of the city of Sioux Falls. A portion lies South of Interstate 90 in the Municipal Airport area bordered on the south by the Sioux Falls Independent School District. The district is bordered on the north by the Baltic Independent School District. Interstate 29 runs along the west boundary and U.S. Highway 77 the east boundary line. Except for these highways the Tri-Valley Independent School District adjoins Renberg on the west and the Brandon Valley Independent District on the north half of its eastern boundary. Another common school district adjoins it on the south half of its eastern boundary. In 1968-69 Renberg had approximately 175 elementary grade students and over 50 secondary grade students. Its high school students either attended the Baltic high school which operates busses in the area or the Sioux Falls high school. None attended school at Brandon Valley. Renberg has an assessed valuation in excess of $2,500,000 and no outstanding debt.

On April 30, 1969 the electors of Renberg voted to dissolve and attach to Brandon Valley to be effective July 1, 1970. The Minnehaha County Board of Education considered the proposition at its meeting on June 2, 1969 at which time delegations from Renberg, Baltic, Brandon Valley, and other school districts were present.

Brandon Valley protested the attachment of Renberg because it would cast an unwanted burden on the district. Brandon Valley had constructed a new high school facility in the fall of 1967 resulting in a bonded debt in excess of $900,000. The district had other outstanding obligations in excess of $300,000. The new school building had a peak capacity of 450 students which was expected to be reached during the 1970-71 school year from students within its own district. All of its school busses were being used to capacity.

The influx of new students from Renberg would necessitate the purchase of at least three new busses at a cost of $7,500 each, additional teachers, rescheduling, overcrowding, and a probable increase in bonded debt to pay for the necessary expansion of programs. On the other hand, the Sioux Falls and Baltic Independent Districts were receptive to accepting Renberg students.

Contrary to the expressed wishes of Brandon Valley the Minnehaha County Board of Education adopted the following Resolution:

"Whereas, Renberg No. 5 held a special election on April 30, 1969, for the purpose of voting for or against the dissolution of said district and attaching to Brandon Valley No. 150, and

Whereas, the official results of said election were 242 votes for dissolution and attachment to Brandon Valley No. 150 and 41 against said proposition, with a total vote of 283,

Now, Therefore, Be It Resolved that Renberg No. 5 is hereby dissolved and attached to Brandon Valley No. 150, effective July 1, 1970."

The action of the Minnehaha County Board of Education was affirmed by the Circuit Court and this appeal followed.

Pertinent portions of the school dissolution statutes are as follows:

SDCL 13-6-34. "A school district which by sixty per cent of the votes cast in a special election approves the dissolution of the school district and its combination with another school district or districts shall be combined with another district or other districts pursuant to §§ 13-6-35 and 13-6-36. * * *"

SDCL 13-6-35. "Any school district which is or becomes one of the types of school districts described in §§ 13-6-31 to 13-6-34, inclusive, shall be combined with another district or other districts by the county board of education. Such action shall meet the requirements and

limitations for reorganization and the county board shall take into consideration the wishes of the electors of the district to be eliminated and the district with which it is to be combined as presented in a public hearing to be held by the county board of education for this purpose at least ten days prior to the date of such action provided, however, that such hearing shall not apply to actions required by the county board of education under the provisions of § 13-6-34."

In view of the patent ambiguity of the above statutes the Minnehaha County Board of Education was uncertain of its duties and powers thereunder. The chairman of the board sought information from the office of the State Superintendent of Instruction and was advised by an expert on reorganization that "with the vote as you have there isn't any question but what you have to put them in Brandon Valley." It is evident the Minnehaha County Board of Education acted accordingly. The members of the Board believed they had no discretion in the matter and were compelled to attach Renberg to Brandon Valley because of the Renberg election.

In the performance of its school reorganization duties the Minnehaha County Board exercises a legislative function, Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10. "In the exercise of such delegated authority, the board acts as the agent of the legislature and its power is limited by the statute vesting the authority. The interpretation of the statute and defining the power under which the agency acts is a judicial question and reviewable by the courts." Sunnywood Common School District No. 46, etc. v. County Board of Education, 81 S.D. 110, 131 N.W.2d 105; Bandy v. Mickelson, 73 S.D. 485, 44 N.W.2d 341, 22 A.L.R.2d 1129. In reviewing questions of law the courts may determine whether or not the agency exceeded or misinterpreted its authority.

We do not construe SDCL 13-6-34 to be self executing. Following a special election approving dissolution the county board of education is under a duty to combine the dissolved district with another district or other districts pursuant to

13-6-35 and 13-6-36. This statute does not divest the county board of its delegated discretionary legislative function. It does not compel attachment with the election result. Instead, it broadly authorizes the county board to combine the dissolved district "with another district or other districts". As the wishes of the electors in the district to be eliminated have been expressed in a special election SDCL 13-6-35 eliminates the necessity of a public hearing to determine the same. It does not foreclose the county board from considering and following the wishes of the district, or districts, to which the dissolved area may be combined and all other relevant considerations and requirements of school reorganization.

As the Minnehaha County Board of Education acted under a misapprehension and erroneous construction of the law governing its action the Resolution combining Renberg Common School District to the Brandon Valley Independent School District must be set aside. 2 Am.Jur.2d, Administrative Law, § 656, p. 518.

This proceeding is therefore reversed and remanded to the circuit court with instructions to direct the Minnehaha County Board of Education to combine the Renberg Common School District with another district or districts in accordance with its discretionary authority as provided in SDCL 13-6-34, 35, and 36 and SDCL 1968 Supp. §§ 13-6-8.1 and 13-6-8.2.

RENTTO and BIEGELMEIER and HOMEYER, JJ. concur.

ROBERTS, P. J., dissenting in part.

ROBERTS, Presiding Judge (dissenting in part).

I would reverse the judgment appealed from and remand the cause to the trial court with directions to dismiss the proceedings.

SDCL 13-6-34 contemplated initiation of proceedings to dissolve a school district and its combination with another district or districts by a sixty per cent vote cast at a special election. The proposal appearing on the ballot at the special election held in the Renberg Common School District on April 30, 1969, read as follows: "PROPOSITION TO BE VOTED

UPON—To dissolve Renberg District #5 and to be attached to Brandon Independent District #150. Effective July 1, 1970." The condition upon which the Renberg district sought dissolution was that it be attached by the county board of education to plaintiff district. Election statutes contemplate that when a special proposition is submitted to a vote, the recital on the ballot shall clearly state the substance of the proposition. 29 C.J.S. Elections §§ 170, 173 (2) g.

The statute undoubtedly conferred power upon a county board of education to dissolve a school district and to attach it to "another district and other districts" when authorized by a sixty per cent vote cast at a special election. The legislature prescribed the mode of procedure whereby the will of voters could be determined and defendant county board in the absence of proper and unconditional approval by the electorate could not dissolve Renberg school district and combine it with another district or districts.

In any event the remand of the proceedings to the defendant county board of education for further proceedings is, in my opinion, inconsistent with recently enacted statutes and the purpose of the legislature.

In the recent decision of this court in Vale Independent School District v. Smeenk, 85 S.D. 182, 179 N.W.2d 117, it is said:

> "The legislature in the exercise of its plenary powers over the establishment and reorganization of school districts enacted a statute, Chap. 38, Laws 1967, creating the State Commission of Elementary and Secondary Education consisting of five members and provided comprehensive changes in requirements and limitations for reorganization. Chapter 38 was submitted at the general election in 1968 to a referendum vote and became effective when it was approved at such election by the electorate of the state."

SDCL 13-6-4 was amended by Section 3, Chap. 38, supra, to read in part as follows:

"Requirements and limitations for reorganization. Reorganization of school districts by the electors, the county board of education, State Board of Education, or the State Commission on Elementary and Secondary Education must meet the following requirements:

> (1) All territory or land area within the State of South Dakota shall on or before July 1, 1970, become a part of an independent school district offering an accredited school program and meeting the standards adopted by the State Board of Education, provided, however, that no superimposed high school district shall qualify except those in existence as of July 1, 1968."

The legislature for the purpose of effectually and speedily carrying out the legislative purpose of including all land areas in the state within independent school districts and completing the unification of school districts enacted Chapter 94, Laws 1970 (SDCL Supp. 13-6-8.3). The provisions of this amendatory statute read in part as follows:

> "If any land area within the state has not become a part of an approved independent school district in accordance with the provisions of 13-6-8 on or before January 1, 1969, or to be effective on July 1, 1970, or thereafter on the date designated by the state commission on elementary and secondary education or if any boundary changes or adjustments of land area are necessary, the state commission on elementary and secondary education shall provide for a hearing for the residents of any land area so involved and shall by resolution take one of the following courses of action: * * * (2) Combine, attach and make any boundary change or adjustment of land area as may be deemed necessary of a common or of an independent school district with another independent school district. * * *"

The legislature has prescribed a procedure applicable to the situation presented in this proceeding. Renberg school

district is a "land area" that had not become a part of an approved independent school district before July 1, 1970. SDCL 13-6-37 merely applies to validation by the legislature of reorganization proceedings and this or other statutes contain no provision that can be construed to retroact and authorize the attachment of territory by a county board of education to an independent district on a date subsequent to July 1, 1970, designated by such board.