STATE EX REL. BD. OF ED. OF POLLOCK IND. SCHOOL DIST.
NO. 51 et al., Respondents v. PFEIFLE et al., Appellants and
STATE COMMISSION, etc., Intervenors and Appellants

(193 N.W.2d 581)

(File No. 10877.  Opinion filed January 21, 1972)

**Gordon Mydland,** Atty. Gen., **Horace R. Jackson,** Sp. Atty. Gen., Pierre, **C. W. Renz,** Herreid, for appellants.

**Martens, Goldsmith, May, Porter & Adam,** Pierre, **Bormann & Buckmeier,** Mobridge, for respondents.

WOLLMAN, Judge.

This is an appeal from a judgment issuing a preemptory writ of mandamus directed to the Treasurer, Director of Equalization,

Superintendent of Schools and Auditor of Campbell County, South Dakota, commanding them to effectuate the attachment of the remaining portion of Mound City School District No. 48 (Mound City Common) to Pollock Independent School District No. 51 (Pollock Independent).

The state commission on elementary and secondary education (state commission) held a hearing in the Campbell County Courthouse, Mound City, South Dakota, on December 3, 1969 at which the disposition of the remaining portion of Mound City Common was discussed inasmuch as it was not then a part of an existing independent school district.

On January 19, 1970, an election called by petition under the provisions of SDCL 13-6-34 was held in Mound City Common. Some 64% of those electors voting at the election voted to dissolve Mound City Common and to attach it to Pollock Independent.

At a meeting held on January 21, 1970, the Campbell County Board of Education (county board) voted to accept the results of the Mound City Common election.

On January 27, 1970, the state commission by resolution attached Mound City Common to Herreid Independent School District No. 52 to be effective July 1, 1970. This resolution was received by the Campbell County officials on or about February 9, 1970.

On March 20, 1970 the county board adopted a motion directing the Campbell County Superintendent of Schools to immediately issue such orders as were necessary to implement the attachment of Mound City Common to Pollock Independent effective as of January 21, 1970 to be operative July 1, 1970. This was done by the superintendent of schools on the same day. The county board did not notify the state superintendent of public instruction of its intention to attach Mound City Common to Pollock Independent prior to taking such action.

The defendant county officers took no action under the order of the county superintendent of schools dated March 20, 1970,

whereupon an alternative writ of mandamus against the county officers was obtained by the members of the Board of Education of Pollock Independent, the members of the Board of Education of Mound City Common and by three individual plaintiffs who are electors of Mound City Common. The trial court permitted the state commission and its members to intervene in the action.

Appellants contend (1) that the state commission's action in attaching Mound City Common to Herreid Independent foreclosed any reorganization action by Mound City Common or by the county board of education, (2) that the local election held on January 19, 1970 was not binding upon the county board or the state commission to attach Mound City Common to Pollock Independent, (3) that any action of the county board in "accepting" the result of the election or directing the county superintendent or the other defendants to effect attachment of Mound City Common to Pollock Independent was void in the absence of the approval of the state superintendent of public instruction, and (4) that mandamus is not an appropriate remedy in the circumstances of the case.*

Appellants concede that the hearing that the state commission held in Mound City on December 3, 1969, was nonjurisdictional in nature. Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10. There appears to be no question but that the hearing of December 3, 1969 was legally held and that the resolution adopted by the state commission on January 27, 1970, was regularly entered and served.

SDCL 13-6-8 states that:

"All territory or land area within the state of South Dakota shall on or before July 1, 1970, become a part of an

---

* Appellants argue that because there is no right of appeal from decisions of the state commission, the trial court was without jurisdiction to issue the writ of mandamus. Because the present action is not based upon a direct appeal from the state commission's decision, we find it unnecessary to consider this contention further. Moreover, we held in Elk Point Independent School District v. State Commission on Elementary and Secondary Education, 85 S.D. 600, 187 N.W.2d 666, decided June 9, 1971, that there is a right of appeal from decisions of the state commission.

independent school district offering an accredited school program and meeting the standards adopted by the state board of education * * * ."

SDCL 13-6-8.3 provides:

"If any land area within the state has not become a part of an approved independent school district in accordance with the provisions of § 13-6-8 on or before January 1, 1969, or to be effective on July 1, 1970, or thereafter on the date designated by the state commission on elementary and secondary education or if any boundary changes or adjustments of land area are necessary, the state commission on elementary and secondary education shall provide for a hearing for the residents of any land area so involved and shall by resolution take one of the following courses of action: * * *

"(2) Combine, attach and make any boundary change or adjustment of land area as may be deemed necessary * * * ."

■ These statutes, which have their source in Ch. 38, Laws of 1967, indicate that the basic purpose of the legislature in creating the state commission was to insure that all land area within the state should be part of an approved independent school district on or before July 1, 1970.

■ ■ We believe that the quoted portion of SDCL 13-6-8.3 indicates an intention on the part of the legislature that the electors of a common school district and the local boards of education should have one final opportunity to take the initiative of accomplishing the legislative goal expressed in Ch. 38, Laws of 1967. As was aptly stated in the trial court's memorandum decision, "A reading of the law * * * reveals that the State Commission had, at best, what we, in this space age, regard as a backup role, intended to tidy up the loose ends of the reorganization fabric." We find nothing in the law specifically stating that once the state commission has taken under advisement the question of attaching

a common school district area to an independent school district all further action by the electors of the common school district to dissolve their district and attach it to an independent district is forever foreclosed.

■ Appellants contend, however, that because the county board did not submit notice of the proposed attachment to the state superintendent of public instruction, the action of the county board in "accepting" the results of the election and directing the county superintendent to effect the attachment of Mound City Common to Pollock Independent was void. Section 3(1) of Ch. 38, Laws of 1967 (now SDCL 13-6-8.1 and 13-6-8.2) reads in part as follows:

> "The county board of education shall continue its functions of studying, preparing, and executing school district reorganization under the provisions of this Chapter, however, after January 1, 1969, all such proposals shall be submitted to the State Superintendent of Public Instruction for review in relation to the applicable standards and regulations adopted by the State Board of Education. A notice of receipt of such proposals shall be sent immediately by certified mail to the county board of education submitting the proposal and within thirty days of the date of such receipt by the State Superintendent of Public Instruction, he shall by certified mail notify the county board of education that the proposal is found, or is not found, to be in compliance with the standards and regulations adopted by the State Board of Education. Only upon receipt of a notice of compliance shall the county board proceed with the reorganization proposal as provided by statute and no additional action shall be required by the State Superintendent of Public Instruction."

The question is whether the words "all such proposals" refer to the attachment of a common school district area to an independent school district pursuant to the vote of the electors in accordance with SDCL 13-6-34, as was done in the instant case.

Ch. 40, Laws of 1967, describes four types of school districts which shall be combined with other school districts by the county board of education. The county board of education is required to take the initiative in combining three of the four types of districts described therein. The fourth type of district required to be combined is a district such as Mound City Common which has by a vote of the electors approved the dissolution of the school district and its combination with another school district. This type of combination of school districts is not, strictly speaking, a proposal of the county board of education. Rather, it is the result of the wishes of at least 60% of the electors voting in the election held in the common school district. The attachment of a common school district to an approved independent school district is not the creation of a new school district. The existing independent district is already known to and accredited by the state department of public instruction. Under the provisions of Section 3(1) of Ch. 38, Laws of 1967, the county board of education could attach Mound City Common only to an independent school district offering an accredited school program and meeting the standards adopted by the state board of education. Appellants do not contend that Pollock Independent is not such an independent school district.

We note that Section 17 of Ch. 103, Laws of 1971, (SDCL 13-6-1) (11) states:

" 'Proposed school district' as used in this chapter shall mean a plan in which there is proposed the formation of a new school district entity. Plans proposing the extension of the boundaries of an existing school district through a boundary change or the annexation of another school district or districts shall not be construed as a 'proposed school district.' "

The attachment of Mound City Common to Pollock Independent is likewise not the creation of a "proposed school district" and, by analogy, not "such a proposal" required to be submitted to and approved by the state superintendent of public instruction in accordance with SDCL 13-6-8.1 and 13-6-8.2.

Accordingly, we hold that the county board of education was not required to submit to the state superintendent of public instruction notice of its intention to carry out the wishes of the electors of Mound City Common in attaching Mound City Common to Pollock Independent, nor was it required to receive notice of compliance from the state superintendent of public instruction before taking such action.

Appellants contend that the result of the election in Mound City Common did not bind either the county board or the state commission to attach Mound City Common to Pollock Independent, citing Brandon Valley Independent School District No. 150 v. Minnehaha County Board of Education, 85 S.D. 255, 181 N. W. 2d 96, which held that a county board of education is not bound to attach a district dissolved pursuant to SDCL 13-6-34 to the district specified by the electors of the dissolved district. That case holds that SDCL 13-6-34 does not divest the county board of education of its delegated discretionary legislative function of considering all relevant considerations and requirements of school reorganization in reaching its decision on where to attach a dissolved district.

In the Brandon Valley case the independent district to which the dissolved district was attached protested the attachment because of the financial and administrative burden that would result from it. Moreover, there were two other independent districts adjacent to the dissolved district that were receptive to accepting the students from the dissolved district. It was in the light of these facts that this court reversed and remanded with instructions to direct the county board of education to combine the dissolved common school district with another district or districts in accordance with its discretionary authority.

In the instant case not only is Pollock Independent not protesting the attachment of Mound City Common, it is actively seeking to uphold the decision of the county board ordering such attachment. Although the Campbell County Board of Education would not have been required to attach Mound City Common to Pollock Independent, its action in doing so is not being challenged by

those directly affected by the decision as an abuse of discretion or on the ground that an unwarranted burden will be cast upon Pollock Independent. We will not overturn the county board's decision on the record before us.

■  Finally, we conclude that the court did not err in granting relief by way of mandamus. The defendant county officers were not clothed with any discretion in complying with the order served upon them by the county superintendent of schools pursuant to the decision of the county board of education. Their duties were completely ministerial in nature, the performance of which could properly be compelled by mandamus. Stephens v. Jones, 24 S.D. 97, 123 N.W. 705; State ex rel. Koontz v. Brown, 25 S.D. 74, 125 N.W. 294.

The judgment is affirmed.

HANSON, P. J., and BIEGELMEIER and WINANS, JJ., concur.

DOYLE, J., not participating.