WEBSTER IND. SCHOOL DIST. et al., Appellants v. CO. BD. OF ED. OF DAY COUNTY, et al., Respondents and KOSCIUSKO COMMON SCH. DIST., Respondent

(197 N.W.2d 705)

(File Nos. 11004-11005. Opinion filed May 24, 1972)

**Charles E. Gorsuch** and **Ronayne & Richards,** Aberdeen, for plaintiffs and appellants.

**Max Gruenwald,** Milbank, for defendants and respondents.

WINANS, Judge.

On November 12, 1969 the State Commission on Elementary and Secondary Education of the State of South Dakota conducted a public hearing at Webster, South Dakota, to determine the future status of Kosciusko Common School District No. 201. Such meeting was held in conjunction with a special meeting of the Day County Board of Education. Certain portions of Kosciusko Common are contiguous to Webster Independent School District No.

101 and to Roslyn Independent School District No. 1, both in Day County, South Dakota. Kosciusko Common did not operate a school during the school year 1969-70. Approximately 1000 students attended Webster Independent during 1969-70, which district has an assessed property valuation of approximately $17,500,000. During the same school year Roslyn Independent had approximately 300 students attending with an assessed valuation of approximately $5,900,000. Both Roslyn and Webster are presently operating Class 1 school districts. The assessed valuation of Kosciusko Common is approximately $400,000.

Shortly after the meeting of the State Commission on November 12, a petition was filed by an elector of Kosciusko Common with the clerk of Kosciusko Common, calling for a special election to determine whether it should be attached to Roslyn Independent. The election date was set for December 9, 1969 and notice of election was published once each week for three weeks. The Kosciusko Common Board acted as the judges and clerk of the election, and each elector voting signed his or her name in the pollbook. At the conclusion of the election the judges and clerk of the election canvassed the votes and verified the count. No person who offered to vote at the polls was turned away or objected to, and no ballots were thrown out or objected to. After the election the ballots were delivered to the Auditor of Day County, who is also the secretary of the Day County Board of Education. Eleven votes were cast in favor and six votes against. The Day County board considered the election results at its December 1969 meeting, and at its regular meeting held on January 19, 1970 approved the annexation of Kosciusko Common to Roslyn Independent. At no time has the State Superintendent of Public Instruction issued a "Notice of Compliance" and the state commission has taken no action concerning Kosciusko Common other than to conduct the public hearing November 12, 1969.

The action of the County Board of Education of Day County, appealed to and heard by the Circuit Court of Day County, was upheld by the court and the annexation of Kosciusko Common to Roslyn Independent was approved. The appeal here is from the court's judgment.

██ The appellants have condensed their numerous assignments of error into four main categories. The first two are addressed to a question which has been directly answered, adversely to appellants, in State ex rel. Bd. of Ed. of Pollock Ind. Sch. Dist. v. Pfeifle et al. (1972), 86 S.D. 237, 193 N.W.2d 581. Appellants contend that SDCL 13-6 as amended, requires prior notice to, and the approval of, the State Superintendent of Public Instruction before annexation of a common school district to an independent school district after January 1, 1969, and secondly, they contend the State Commission on Elementary and Secondary Education by holding a meeting in Webster, South Dakota, on November 12, 1969, assumed jurisdiction and, as they say, "preempted" Kosciusko Common and the Day County Board of Education from any further action. Both questions were involved in Pollock, supra, and in Pollock the State Commission had taken action by a specific resolution on the matter of attachment. This is one step not taken in our case because the State Commission did nothing except discuss the matter at the Webster meeting on November 12. This court in Pollock held, "The attachment of Mound City Common to Pollock Independent is likewise not the creation of a 'proposed school district' and, by analogy, not 'such a proposal' required to be submitted to and approved by the state superintendent of public instruction in accordance with SDCL 13-6-8.1 and 13-6-8.2. Accordingly, we hold that the county board of education was not required to submit to the state superintendent of public instruction notice of its intention to carry out the wishes of the electors of Mound City Common in attaching Mound City Common to Pollock Independent, nor was it required to receive notice of compliance from the state superintendent of public instruction before taking such action." We also held in that case "We find nothing in the law specifically stating that once the state commission has taken under advisement the question of attaching a common school district area to an independent school district all further action by the electors of the common school district to dissolve their district and attach it to an independent district is forever foreclosed."

██ Appellants next contend that the Day County Board of Education failed to consider the best interests of the children involved in the annexation of Kosciusko Common to Roslyn Inde-

pendent. In Brandon Valley Independent School District v. Minnehaha County Bd. of Ed. (1970) 85 S.D. 255, 181 N.W.2d 96, this Court held that the County Board of Education does have discretionary legislative function and further, regarding elections, that such delegated authority to the board, "does not compel attachment with the election result. Instead, it broadly authorizes the county board to combine the dissolved district 'with another district or other districts'." We note that the record shows that Roslyn is a class 1 independent school district which is accredited by the State Department of Public Instruction. We believe that the Day County Board was aware of its right to approve or disapprove the annexation. Nothing in the record is to the contrary and the board simply noted that its approval action was consistent with the wishes of the electors involved. We cannot find from the record that the board acted unreasonably or arbitrarily, or that it abused its discretion.

 The last contention made by appellants is that the election held in Kosciusko Common on December 9, 1969, is invalid and ineffectual. They contend that because no prior notice of such reorganization plan had been given to the State Superintendent of Public Instruction nor had any notice of compliance been received as required by SDCL 13-6-8.1 and 13-6-8.2, and because such attempted election was conducted subsequent to the time the State Commission on Elementary and Secondary Education had held their hearing in Webster thereby assuming jurisdiction over the reorganization, such election was invalid. Both of these contentions are disposed of by our holding in Pollock, supra, and quoted above, and our holding herein. Appellants also state that because the ballots were not stamped as "official ballots" as required by SDCL 12-16-30, the election was invalid. This same contention is raised in Carr v. Wakonda Independent Consolidated School District, 44 S.D. 103, 182 N.W. 626, and decided adversely to appellants' contention. Appellant raises numerous other objections to the election which we deem to be without sufficient merit to void the election.

Judgment affirmed.

All the Judges concur.