**Cleo L. ROSANDER, Petitioner and Appellee,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF BUTTE COUNTY, and Calvin Wahl, Manuel Kindsfater, Bob Pflaumer, Frank Walton, and William Smeenk, Constituting the Members of Said Board, Appellants.**

No. 14077.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1983.

Decided July 6, 1983.

William H. Coacher, Sturgis, for petitioner and appellee.

Laurence J. Zastrow, Butte County Deputy State's Atty., Belle Fourche, for appellants.

HENDERSON, Justice.

On January 11, 1983, appellee Rosander applied for a peremptory writ of mandamus. After a show cause hearing, the trial court on February 4, 1983, entered a judgment granting a peremptory writ of mandamus against the Board of County Commissioners of Butte County, appellants, and awarding appellee Rosander damages for wages lost as a result of not being appointed to the position of deputy sheriff and clerk. Pursuant to appellants' motion, we granted an accelerated appeal herein. We reverse and remand.

Appellee Rosander served as a deputy sheriff and clerk for the Butte County Sheriff from January 22, 1976, until January 4, 1983, when a newly elected sheriff took office. In accordance with SDCL 7–12–10, the new sheriff recommended to the Board of County Commissioners of Butte County (appellants) the appointment of several persons as deputy sheriffs to include appellee Rosander as a deputy sheriff and clerk. Appellants appointed all other persons but failed to appoint appellee Rosander as a deputy sheriff and clerk. Appellee Rosander successfully sought a writ of mandamus against appellants compelling appellants to install appellee as a deputy sheriff and clerk.

The issue presented by this civil appeal is the propriety of the trial court's grant of the writ of mandamus under these facts. We determine that this is a case of statutory construction. In 1963, our State Legislature enacted SDCL 7–12–10 providing:

> The appointment of each deputy, jailer and clerk shall be made by the board of county commissioners, on the recommendation of the sheriff, in writing, filed with the county auditor. Such appointment may be revoked in the same manner. Each deputy, jailer, clerk, as the case may be, shall qualify by subscribing the official oath and shall give such bond to the board of county commissioners for the discharge of their duties as the board of county commissioners may require.

This enactment replaced SDC 12.1009 (1960 Supp.) which provided in relevant portion: "The appointment of such deputy or deputies ... shall be made by the sheriff in writing, filed with the county auditor, and may be revoked in the same manner." The legislature also enacted SDCL 7–12–9 in 1963 which provides:

> If in the judgment of the board of county commissioners, it shall be necessary for the prompt dispatch of business in the office of the sheriff that one or more deputies, jailers or clerks be appointed therein, the board shall by resolution fix the number of such deputies, jailers or clerks and the compensation which they shall receive. The salary of each clerk, jailer and deputy shall be paid out of the county general fund.

Appellee Rosander asserts that the use of the term "shall" in SDCL 7–12–10 makes her appointment mandatory by appellants once the sheriff recommended her. Appellants contend that the term "shall" is a carry-over from SDC 12.1009 (1960 Supp.) and is not dispositive of this action.

■■■ When the legislature amends the terms of a statute, we generally presume that the legislature intended to alter the meaning of the statute to comport with the new terms. *State v. Heisinger,* 252 N.W.2d 899 (S.D.1977); *In re Dwyer,* 49 S.D. 350, 207 N.W. 210 (1926). Legislatures are empowered with the ability to remove a power of appointment from one authority and confer it upon another authority. *Duell v. Glynn,* 56 Misc.Rep. 41, 122 App.Div. 314, 106 N.Y.S. 716 (1907); *People ex rel. Balcom v. Mosher,* 45 App.Div. 68, 61 N.Y.S. 452 (1899). *See also,* 67 C.J.S. *Officers and Public Employees* § 40, 309–10 (1978).

■■■ Construing SDCL 7–12–10, we conclude that the legislature intended to, and did, grant appellants the authority to appoint deputy sheriffs and clerks. This was an exercise of legitimate legislative power. The term "shall" in SDCL 7–12–10 requires appellants to exercise discretion in choosing appointees from among those recommended by the sheriff. Appellants exercised their discretionary power in appointing several persons. Appellee Rosander's appointment failed for lack of a motion. When a county commission's failure to act forecloses an aggrieved party's ability to appeal under SDCL 7–8–27, the aggrieved party is free to pursue other remedies such as mandamus. *State v. Scott,* 56 S.D. 144, 227 N.W. 572 (1929). Mandamus would have been proper to compel appellants to act had they failed to make *any* appointments. *Phelps v. Byrne,* 36 S.D. 369, 154 N.W. 825 (1915). However, as a general rule, mandamus will not issue to compel the performance of a discretionary act such as choosing *which* recommended appointees will become deputy sheriffs.

*Matter of Refusal of State Bd. of Equalization,* 330 N.W.2d 754 (S.D.1983). *See also, State ex rel. Board of Educ. of Pollock Independent School Dist. v. Pfeifle,* 86 S.D. 237, 193 N.W.2d 581 (1972). We therefore reverse and remand with directions to quash the writ of mandamus. Damages, i.e., wages, having no legal foundation, likewise fall.

Reversed and remanded.

All the Justices concur.