## LAWRENCE COUNTY v. MEADE COUNTY.

1. An order made by a circuit judge within his circuit, in an action tried without a jury, will be presumed to be a court order, and not simply an order by the judge, unless the contrary is clearly made to appear.

2. An order reciting at its close: "And, the court being fully advised in the premises, it is ordered and adjudged that said objection be sustained, and the complaint herein be dismissed, with costs," etc.,—is a final judgment.

(Syllabus by the Court.   Opinion filed April 16, 1895.)

Appeal from circuit court, Meade county.   Hon. CHARLES M. THOMAS, Judge.

This case was first decided by this court in an opinion found in 6 S. D. 528, 62 N. W. 131, in which decision the judgment of the lower court was reversed.   Respondents move for a rehearing which in this opinion is denied.

*Joseph B. Moore* and *Robert C. Hayes,* for appellant.

*Thos. E. Harvey* and *McLauqhlin & McLaughlin,* for respondent.

The facts are stated in the opinion.

CORSON, P. J.   This case comes before us on a petition for rehearing.   The appeal was decided at the last term of this court, and the opinion is reported in 62 N. W. 131.   The grounds for a rehearing set forth in the petition are that this court had no jurisdiction of the case, for the reasons (1) that the appeal was from an order made by the judge, and not by the court; and (2) that the order appealed from was not an appealable order, it being an order sustaining the defendant's objection to the introduction of evidence on the part of the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

In support of the first proposition, the learned counsel for the respondent contends that the so-called "order" was made in chambers, as appears from a recital in the order, and therefore comes within the principle of the decision in Black Hills Flume and Min. Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342.   That case, however, is not analogous, and does not rule the case at bar.   The court held in that case that the order made, being one that could have been made by the court or the judge, clearly appeared to have been made by the judge.   The order to show cause was made returnable before judge, and the order recites that the judge considered the motion, and both orders recite that they were made at chambers.

But in the case at bar the so-called "order" was made on the trial of an action by the court without a jury, and could only have been made by the court. The recital that the hearing in the case was had and the order made in chambers was not of itself of much importance, as the court had no power to make a judge's order finally disposing of the case on trial before the court. The case was tried within the Eighth judicial circuit, in which the judge signing the so-called "order" was the circuit judge, and in such case this court will presume that the order made was a court order, unless it clearly appears that the order was one that the judge could make as judge, and that it was clearly intended to be so made. Evans v. Bradley (S. D.) 55 N. W. 721. It is not material, therefore, whether the order was made at chambers, at the court room, or elsewhere, so long as it was made within the circuit. It would hardly be fair to the learned judge who tried the case to presume that he intended by the term "heard" and "done in chambers" to convey the idea that he was trying a case involving about $25,000, as a judge, and not as a court. Those words evidently mean, as used by the Judge in this case, that he tried the case in his private office, instead of the court room.

The second contention is equally untenable. The so-called "order" was a final judgment, dismissing the action, and awarding costs to the defendant. That it was a judgment clearly appears from the concluding portion, which is as follows: "And, the court being fully advised in the premises, it is ordered and adjudged that said objection be sustained, and the complaint herein be dismissed, with costs, and that the defendant have and recover of plaintiff its costs, taxed at," etc. This was a final determination of the action. Again, the abstract states that "thereupon * * * the plaintiff perfected an appeal to the supreme court from said judgment." This statment in the abstract is not questioned by any additional abstract, and we must therefore assume that the abstract is correct, and that the fact that it was a judgment was conceded.

The contention of counsel that the case comes within the principle of Ross v. Wait, 2 S. D. 638, 51 N. W. 866, is not sustained by the record in that case. In that case there was no judgment. The order appealed from was as follows: "It is ordered that said objection be, and the same is hereby, sustained, and the complaint is adjudged insufficient, on the ground that it does not state facts sufficient to constitute a cause of action." It will be observed that there was no judgment dismissing the complaint or action, or awarding costs to the defendant. It was simply adjudged that the complaint did not state facts sufficient to constitute a cause of action, and nothing further, and the appeal did not purport to have been taken from any judgment, but from this order only. In that case there was nothing purporting to be a judgment, while in the case at bar there is a final judgment. This court, therefore, committed no error in assuming jurisdiction of the appeal in the case at bar, as it clearly had jurisdiction of the subject-matter and of the parties. The petition for a rehearing is denied, all the judges concurring.