STATE ex rel COOLSAET, et al, Respondents, v. CITY OF VEBLEN, et al, Appellants.

(228 N. W. 802.)

(File No. 6971. Opinion filed January 31, 1930.)

*Otto L. Kaas,* of. Britton, for Appellants.
*Buell F. Jones,* of Britton, for Respondents.

CAMPBELL, J. This matter is before us upon a motion by respondent relators to dismiss the appeal now pending in this court. Material facts may be summarized as follows:

Relators instituted an action in the circuit court in Marshall county, S. D., against the city of Veblen, one of the appellants here. The case, coming on for trial in June, 1928, resulted in a money judgment for $10,563.44 in favor of relators and against the city. From that judgment the city of Veblen appealed to this court without furnishing a supersedeas bond. Relators moved for the dismissal of that appeal in this court. While that appeal and the motion for dismissal were here pending, relators instituted the present proceeding in the circuit court of Marshall county by securing the issuance of an alternative writ of mandamus directed to the city of Veblen, defendant in the original action, and the other present appellants, constituting the governing board of the municipality, requiring them to appear and show cause why they should not levy a tax to raise the money to pay relators' judgment then pending on appeal as aforesaid. This proceeding was necessarily based, in part at least, on the theory that, inasmuch as the city of Veblen had not filed a supersedeas bond when taking its appeal, enforcement of the judgment was not stayed. Section 3161, R. C. 1919, provides as follows:

"*Undertaking, When Not Necessary*. When the state, any state board or officer, any county or municipal corporation, or its officers, in a purely official capacity, shall take an appeal, service of the notice of appeal shall perfect the appeal and stay the execution or performance of the judgment or order appealed from and no undertaking need be given, but the supreme court may, on motion, require security to be given in such form and manner as it shall in its discretion prescribe as a condition of the further prosecution of the appeal."

In view of this statutory provision, and the fact that the city of Veblen is a municipal corporation, it may well be questioned whether the mere taking of the appeal did not stay the execution of the judgment, without the necessity of any supersedeas, and it may seriously be doubted whether proceedings for the enforcement of the judgment could legally be had pending the appeal. It is unnecessary, however, to determine that point at this time, and we refrain from so doing. The alternative writ of mandamus was originally returnable on September 20, 1929; the return day being subsequently changed to October 4, 1929. Meantime, and on September 20, 1929, this court filed its opinion dismissing the appeal taken by the city of Veblen from the judgment obtained against it by the present relators (being the identical judgment sought to be enforced by the mandamus proceeding) whereby said judgment became final. See Coolsaet et al v. City of Veblen, 55 S. D. 485, 226 N. W. 726.

The mandamus proceeding coming on for hearing upon October 4, 1929, on the alternative writ, the learned circuit judge gave judgment for the relators and issued his peremptory writ, the mandate of which was as follows:

"Now, therefore, we do command and enjoin you and each of you that immediately after the receipt of this writ, you cause to be levied a tax against all of the taxable property within the City of Veblen, such levy to be in an amount sufficient to pay the judgment now held by the plaintiffs, together with interest, and that immediately upon the making of said levy, the same be certified to the county auditor of Marshall county, and that as soon as sums are available for the paying of said judgment from the proceeds of said tax, that the same be paid to the plaintiffs or their attorney."

Judgment and the peremptory writ in the mandamus proceeding below were entered and filed on October 5, 1929, and the writ was served on the same day. Two days later, on October 7, 1929, the defendants in the mandamus proceeding (appellants here) took the present appeal. No supersedeas bond was filed. The next day, October 8, 1929, relators caused these appellants to be brought before the trial court to show cause why they should not be punished as for contempt on account of their failure to obey the mandate of the peremptory writ, notwithstanding the appeal therefrom. When the appellants, in the custody of the sheriff, were brought before the learned circuit judge, he announced as his opinion that, since no supersedeas bond had been filed, the appeal did not in any wise stay the judgment appealed from, or dispense with the necessity of immediate obedience to the mandate of the writ. This presents the same legal question above suggested with reference to the interpretation, effect and scope of section 3161, R. C. 1919, but again we find it unnecessary to determine the point.

In addition to indicating his view on this question of law, the trial judge appears to have extended his definite and positive assurances to appellants at that time on two further propositions. He assured them, first, that in his opinion immediate compliance with the mandate would not destroy or in any wise adversely affect the appeal they had perfected therefrom. He assured them, in the second place, that, if they did not immediately comply with the mandate, they would very promptly be imprisoned for contempt.

Just how strongly appellants relied upon the assurances of the learned trial judge as to the first of these propositions may be a matter of conjecture, but as to the second of the propositions it is quite plain that appellants entertained no shadow of a doubt as to his entire sincerity. Appellants succeeded in restraining any impulses they may have felt to suffer martyrdom by being imprisoned to insure the presentation of a legal question in this court for the ultimate benefit of their fellow taxpayers, promptly took the necessary steps to hold an official meeting as the governing body of the city of Veblen, made the levy according to the mandate of the peremptory writ, and certified the same to the county auditor of Marshall county.

Upon this state of facts respondent relators now move the dismissal of the appeal upon the ground that the same has become moot, and that there is no longer any substantial controversy be-

tween the parties, since appellants, by their voluntary action, have fully complied with the mandate of the judgment and writ appealed from.

Before an appellate court ought to dismiss an appeal upon such grounds, it should be clearly and convincingly shown that actual controversy has ceased to exist. It should appear that the only judgment which could be entered by the appellate court would be ineffectual for any purpose and would be an idle act so far as concerns rights involved in the litigation. C., M. & St. P. Ry. Co. v. Commissioners, 28 S. D. 471, 134 N. W. 46. In the instant case appellants are the nominal parties to the proceeding, but the proceeding is against them in a representative and official capacity. True, the mandate of the court is directed solely to appellants, but, as a result of obedience to that mandate, the rights of every property owning taxpayer in the city of Veblen are necessarily and directly involved. The tax has been levied and spread pursuant to the mandate, but it has not been collected, and the fund to be created as a result of the tax has not come into existence, and, of course, cannot have been disbursed.

If the levy of the tax in question should be judicially determined to be illegal, and the mandate and judgment appealed from should be reversed, we are by no means convinced that the rights and liabilities of the taxpayers of the city of Veblen would continue identical with what they now are, particularly if such reversal was prior to the collection of the tax in question, or even prior to the disbursement of the fund thereby to be created. Under all the circumstances of this case, and in view of the fact that the rights of taxpayers are directly and necessarily involved because the nominal parties are such in a representative capacity only, we do not think we ought to dismiss this appeal as moot. We believe it should be retained for consideration and determination on the merits in due course. It is perhaps needless to say that we have made no investigation of the case upon the merits, and nothing in this opinion is to be construed as in any wise indicating any views thereon.

The motion to dismiss the appeal will be denied, and respondent will be granted twenty days from and after the entry of order denying his motion for dismissal wherein to file his brief on appeal.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.