DICKSON, Respondent v. LORD, et al, Appellants.
BROWN, Respondent, v. LORD, et al, Appellants.

(238 N. W. 21.)

(File No. 7022. Opinion filed September 21, 1931.)

*Chas. S. Eastman* and *G. C. Caylor,* both of Hot Springs, and *A. R. Nequette,* of Edgemont, for Appellants.

*Martin & Martin,* of Hot Springs, for Respondents.

ROBERTS, J. The electors of Craven school district No. 29, Fall River county, at the annual school district meeting in June, 1929, instructed the school board by the adoption of a resolution to discontinue a school in the district designated as the Plum Creek School and to provide transportation of the pupils who would ordinarily be in attendance at this school were it not discontinued to another school within the district. Purporting to act under section 7491, Rev. Code 1919, the county superintendent entered an order directing the continuance of the Plum Creek School. The district school board proceeded to comply with this order. A meeting of the board was held and a motion was formally made and passed that the Plum Creek School be continued for the year 1929-30 and the clerk was instructed to employ a teacher. From such action of the board the plaintiff Cleve Brown appealed to the circuit court, and the plaintiff J. W. Dickson, an elector of the district, instituted an action in the circuit court against the members of the school board to enjoin them from continuing the

Plum Creek School. The appeal of Brown and the action for injunctive relief by Dickson were by agreement consolidated for the purposes of trial. The trial court found for the plaintiffs, and on October 26, 1929, judgment was entered vacating and setting aside the action of the school board and enjoining the members of the board from opening and continuing the Plum Creek School for the year 1929-30 and from employing a teacher for such school. The judgment further directed that the school board provide suitable transportation of the children who would ordinarily be in attendance at the Plum Creek School to another school within the district.

Thereafter a petition was presented to the clerk of the school district requesting that a special meeting of the electors of the district be held on November 1, 1929. The special meeting was called, and the question of continuing the Plum Creek School was submitted to a vote of the electors. A majority voted in favor of opening and continuing the Plum Creek School. Thereupon the defendant school board procured an order to show cause why the judgment which enjoined the school board from opening and maintaining the Plum Creek School and requiring the board to provide for transportation of the pupils of such school to another school within the district should not be vacated and set aside. The trial court after hearing entered an order on the 12th of November, 1929, overruling and denying the motion of the school board to vacate the judgment. From the judgment of the trial court and the order denying a motion to set aside the judgment, this appeal was taken. The notice of appeal was filed in this court on the 10th day of January, 1930, and appellant's brief was not filed until June 6, 1930. Respondents procured by stipulations extensions of time within which to serve and file their brief which was filed in this court on February 24, 1931.

 The matters in controversy have reference to the continuance of the Plum Creek School for the school year 1929-30. The controversy between the parties has ceased to exist and there is now no subject matter upon which the judgment of this court could operate. The general rule in respect to the duty of an appellate court to decide moot questions is thus stated in 3 Corpus Juris, 357: "It may be stated as a well settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction. In the absence of such a controversy the

appeal or writ of error will either be dismissed or the cause will be remanded with directions to vacate the judgment and dismiss or grant other appropriate relief."

In 2 Ruling Case Law, p. 169, it is said: "When, pending the appeal, the circumstances change to such an extent that the appeal involves merely a moot question, it will, as a general rule, be dismissed."

Appellants concede that a reversal of the judgment would afford no actual relief to the appellants, but assert that the questions involved are of public importance and should be determined on this appeal. Chapter 138, Session Laws of 1931, contains a comprehensive revision of the school laws, and an interpretation of the statutes determinative of this appeal would not necessarily serve to guide school officers in the performance of their duties with respect to continuing or discontinuing schools under the act of 1931.

██ The mere fact that liability for costs may be involved does not alter the rule as to the dismissal of appeals presenting moot questions. State v. Guffey, 52 S. D. 95, 216 N. W. 860; Bernard et al. v. Weaber, 23 Cal. App. 532, 138 P. 941; Anderson v. Board of County Commissioners, 90 Kan. 15, 132 P. 996; Moores v. Moores, 36 Or. 261, 59 P. 327; Harper v. Grasser, 86 Wash. 475, 150 P. 1175.

For reasons above stated, the appeal herein is dismissed.

POLLEY, P. J., and CAMPBELL, WARREN, and RU-DOLPH, JJ., concur.