SAGNESS, et al, Appellants, v. FARMERS CO-OPERATIVE
CREAMERY COMPANY, OF BALTIC AND DELL
RAPIDS, et al, Respondents

(291 N. W. 60.)

(File No. 8350.   Opinion filed March 21, 1940.)

**Roy E. Willy** and **B. O. Stordahl,** both of Sioux Falls, for Appellants.

**Krause & Van Buren,** of Dell Rapids, for Respondents.

RUDOLPH, J.    Plaintiffs have attempted to appeal from a decree of the trial court dissolving an injunction. Defendants have moved to dismiss the appeal.   Following the decree of the trial court plaintiffs made an application to the court to have fixed the amount of the bond on appeal under the provisions of SDC· 33.0721, which provides: "When a party shall give immediate notice of appeal from an order dissolving or modifying a warrant of attachment or from an order denying, dissolving, or modifying an in-junction, he may within three days thereafter serve an un-dertaking executed on his part by at least two sureties, in such sum as the Court or Presiding Judge thereof shall direct, to the effect that if the order appealed from or any part thereof be affirmed the appellant will pay all costs and damages which may be awarded against him on appeal, and all which the adverse party· may sustain by reason of the continuance of the attachment or the granting or continu-ance of the injunction, as the case may be.   Upon the giving of such undertaking such Court or Judge shall order the attachment to be continued, and in his discretion may order the injunction asked to be allowed or that before granted, to be continued until the decision of the appeal, * * *."

The trial court did thereupon enter an order as follows: "It is hereby ordered that if the said plaintiffs forthwith serve an undertaking, executed on their part by at least two sureties in the sum of $1,000.00, to the effect that if the judgment appealed from—or any part thereof—be affirmed, the appellants will pay all costs and damages which may be awarded against them on appeal, and which the defendants may sustain by reason of the continuance of the injunction, that the restraining order and injunction heretofore issued shall be continued pending the appeal."

In compliance with this order of the trial court, the plaintiffs did furnish a bond in the amount required, conditioned as follows, "that the said plaintiffs will pay all costs and damages that may be awarded against them on said appeal or on a dismissal thereof, together with all damages which the defendants may sustain by reason of the continuance of the injunction heretofore issued," and with this same condition in the event that the judgment or any part thereof be affirmed or the appeal dismissed.

■■ Respondents contend first that no cost bond has been furnished as required by SDC 33.0709, and that this court is therefore without jurisdiction to entertain this appeal. This court has heretofore in the case of Fullerton Lumber Co. v. Tinker et al., 21 S. D. 647, 115 N. W. 91, very clearly decided adversely to this contention of this respondent. The bond being conditioned that appellants will pay all costs and damages which may be awarded against them on appeal, in addition to any damage that respondents may sustain by reason of the continuance of the injunction, it is, in our opinion, unnecessary to furnish a separate cost bond to give this court jurisdiction of the appeal. Such was the effect of the holding of this court in the Fullerton Lumber Company case. When appellant does furnish a bond which is conditioned either in part or entirely upon the payment of all costs and damages upon appeal, we believe the requirement of SDC 33.0709 has been met. Respondents have cited certain cases from other jurisdictions which indicate a view contrary to that here expressed, but it is not clear from a reading of those cases that the statutes there involved are the same as the statutes of this state. In any event, we believe respondents' contention has been ruled adversely by the Fullerton Lumber Company case, and we are not inclined to disturb the rule there announced.

■■ It appears without dispute and upon the face of the undertaking that the sureties on the undertaking swore to the justification upon the bond before one of the plaintiffs and appellants acting as a notary public. Respondent contends that this plaintiff before whom the justification of the sureties was made was without authority to act as a

notary public upon this bond, and that for this reason the justification is without any effect and the bond defective. The plaintiff before whom the justification was made had signed the bond as a principal. SDC 32.1308 provides that a notary public may not make any certificate, take any acknowledgement, administer any oath or do any other official act as such notary public "in connection with any instrument which shows upon its face that he is a principal party thereto." We think it clear that under this statutory provision, this plaintiff was ineligible to act as a notary public before whom the sureties might swear to their justification. SDC 33.0724 provides, "an undertaking upon an appeal shall be of no effect unless it be accompanied by the affidavit of the sureties." We are of the opinion therefore that the bond is defective. In this connection appellants have stated to this court: "There can be no question but what Mr. Sandvig is one of the parties to the action and if that disqualified him from acting as a notary in connection with the sureties to an undertaking, our undertaking is defective, in which event we respectfully ask for an opportunity of either furnishing a new justification or an entirely new bond, in compliance with the provisions of Section 33.0729."

It clearly appears that the appellants have in good faith given notice of appeal, and we think it further clearly appears that the omission of this bond to contain a valid justification occurred through mistake or accident within the meaning of said SDC 33.0729. Appellants will be permitted to have the sureties to the undertaking justify before a proper officer and, upon the payment of twenty dollars ($20) to respondents' attorneys and the proper justification of the sureties before April 1st, 1940, the motion to dismiss the appeal will be denied, otherwise it will be granted.

All the Judges concur.