CITY OF PLANKINTON, et al, Appellants v. KIEFFER, et al, Respondents

(13 N. W.2d 298.)

(File Nos. 8672-8673. Opinion filed February 25, 1944.)

**Davenport, Evans & Hurwitz**, of Sioux Falls, for Appellants.

**Danforth & Seacat**, of Alexandria, and **Fellows & Fellows**, of Plankinton, for Respondents.

ROBERTS, J. Plaintiffs in these two actions commenced in the Circuit Court of Aurora county sought to enjoin the removal of a dwelling house from the corporate limits of the city of Plankinton. The complaint in the action commenced September 25, 1942, alleges that plaintiff A. V. DePue is the mayor of the city of Plankinton and is a taxpayer therein; that he brings the action for himself individually and on behalf of all other residents, electors and taxpayers in the city; that the city has an indebtedness of $6,491.55 represented by registered warrants; that the Plankinton Independent School District has outstanding bonds in the amount of $13,000 and registered warrants in the amount of $9,949.54; that the sinking fund levy for the payment of principal and interest of the bonded indebted-

ness is irrepealable until such debt is paid; that if defendant Kieffer is permitted to remove from the corporate limits the dwelling house purchased by him, it will cause irreparable injury to plaintiffs in that the taxes on the remaining property will be increased; that this and other removal of buildings, if permitted, will severely impair the ability of taxpayers to pay taxes levied for current expenses and the payment of principal and interest of such bonded indebtedness. On November 5, 1942, the court entered a so-called order vacating a temporary restraining order previously entered and dismissing the complaint.

The second action was commenced on November 16, 1942. This action was brought against Joe Kieffer and Max Wetzel whom defendant Kieffer employed to remove the dwelling house in question. The complaint alleges substantially the same facts as contained in the first action and further alleges that defendants failed to comply with an ordinance requiring a permit for the removal of a building. Plaintiffs sought likewise in this action an injunction pendente lite and after hearing and upon motion of defendants to dismiss the action the trial court on December 14, 1942, made and entered its decision termed "an order" denying the application for an injunction pendente lite, dissolving the temporary restraining order issued at the time of the commencement of the action and dismissing the action upon the merits and awarding costs.

On July 8, 1943, plaintiffs served and thereafter filed notices of appeal reciting that the appeals are from judgments heretofore entered. Appellants did not seek the fixing of supersedeas bonds or furnish cost bonds. Respondents, defendants below, moved for the dismissal of the appeals upon the following grounds: first, that the appeals are from intermediate orders and that plaintiffs are not entitled to appeal therefrom as a matter of right; second, that the appeals were not taken within 60 days after written notices of the entry thereof; third, that the controversies are moot; and fourth, that appellants have not filed cost bonds on appeal.

Counsel for appellants insist that the determinations of the trial court in these actions are not orders, but are judgments and are governed by the statutes relating to appeals from judgments. SDC 33.0702 in force at the time of the entry of these so-called orders placed a limit of 60 days after written notice of the filing of an order within which to appeal to this court and a limit of one year from the time of entry within which to appeal from a judgment. Before the appeals herein were perfected, the time within which an appeal may be taken from a judgment was changed. § 33.0702, supra, was amended by Ch. 124, Laws 1943, to read as follows:

"An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. Every other appeal allowed must be taken within six months after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."

A judgment is defined by statutes as "the judicial act of the Court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision" and "every direction of a Court or Judge, made or entered in writing and not included in a judgment, is denominated an order." SDC 33.1701.

■ The question whether the determination of a court is an order or judgment is not governed by considerations of form, but by its contents and substance. Heegaard et al. v. Dakota Loan & Trust Co., 3 S. D. 569, 54 N. W. 656; 8 Bancroft Code, Practice and Remedies, § 6318. In the case of Lawrence County v. Meade County, 6 S. D. 626, 62 N. W. 957, this court was concerned with a decision sustaining an objection to the introduction of evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. In that case this court said:

"The so-called 'order' was a final judgment, dismissing the action, and awarding costs to the defendant. That it was a judgment clearly appears from the concluding portion, which is as follows: 'And, the court being fully advised in

the premises, it is ordered and adjudged that said objection be sustained, and the complaint herein be dismissed, with costs, and that the defendant have and recover of plaintiff its costs, taxed at,' etc. This was a final determination of the action."

■ The case of Northwestern Engineering Co. v. Ellerman, 69 S. D. 397, 10 N. W.2d 879, is not controlling herein. The order considered in that case adjudged that the motion of defendants to dismiss be sustained and that defendants "have judgment thereon." It was not the final determination of the action, but contemplated the entry of a final judgment. Considering the nature and substance of the judicial acts in question, they constitute final determinations of the rights of the parties and are judgments within the contemplation of the statute.

■ The appeals were taken, as we have indicated, after the effective date of the statutory amendment referred to and more than six months after the entry of the judgments appealed from and hence the question whether the statute terminated the right of appeal is presented. While the amendment purportedly applies to all judgments, whether rendered before or after its enactment, we think it was the legislative intention not to give it retroactive operation so as to terminate the right of appeal which existed at the time the amendment took effect. In Wilson v. Kryger, 26 N. D. 77, 143 N. W. 764, 766, 51 L. R. A., N. S., 760, the same question was presented. The court therein said:

"In order to give effect to the evident legislative intent we are required to hold that the new act applies only to those judgments the time for appealing from which under the old statute would extend more than six months after the taking effect of the new statute. In other words, the new statute is prospective in its operation, but applies to all judgments, whether entered prior or subsequent to July 1st, which, but for such act, the period in which appeals might have been prosecuted therefrom would exceed six months from such date. As to other judgments the period for appealing is governed by the old statute, and the new does

not apply, for otherwise the new act would have the effect of enlarging rather than shortening the period for appeal therefrom, or else it would cut off all right to appeal on the date of the taking effect of such act, neither of which results was intended."

This is the effect of the authorities generally. 3 Am. Jur., Appeal and Error, § 426; Annotation: 51 L. R. A., N. S., 760. We conclude that the appeals were taken within the required time.

■ The third ground of dismissal relied upon by counsel for respondents is that the controversy in each of the actions has become moot. It appears from the record without dispute that defendant Kieffer on or about March 31, 1942, moved the house in question out of the corporate limits of the city of Plankinton. Respondents contend that the removal of the house renders it impossible, if this court should decide the appeals in favor of the appellants, to grant them effectual relief and that the matter of an injunction has become moot. On the authority Chicago, M. & St. P. R. Co. v. Commissioners of City of Sioux Falls et al., 28 S. D. 471, 134 N. W. 46, undoubtedly all questions relating to the denial of the applications for temporary injunctions have become moot. In that case the appeal was from an order refusing a temporary injunction. The order did not preclude the plaintiff company against whom it was rendered as to a fact vital to its rights and the questions involved were no longer of any practical importance to the parties. Clarke et al. v. Beadle County, 40 S. D. 597, 169 N. W. 23, affirmed 41 S. D. 329, 170 N. W. 518. But in the instant appeals, other questions are presented for decision. Dismissal of the appeals before us would have the effect of affirming the judgments finally determining that the relief asked cannot be granted. Appellants contend that if the judgments from which appellants have appealed are reversed and cannot be pleaded as res judicata, the trial court could then deal with the parties as they stood at the time of the commencement of the actions and compel respondents to undo what was wrongfully done, if practicable, or to answer in

damages. See Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293; Green v. Okanogan County, 60 Wash. 309, 111 P. 226, 114 P. 457. It is argued that if the judgments are permitted to stand unreversed the substantive rights of the appellants may be affected and that for this reason, under the rule enunciated in Clarke v. Beadle County, supra, the motions should be denied. In that case this court said:

"An appellate court should not retain an appeal for the mere purpose of deciding a purely moot question; and, whenever a change in circumstances pending an appeal is such that the appeal does present but a moot question, such court should dismiss same. However, both reason and authority support the proposition that, whenever the judgment, if left unreversed, will preclude the party against whom it is rendered as to a fact vital to his rights, such as to the validity of a contract upon which his rights are based, it cannot properly be said that there is left before the appellate court but a moot question, even though on account of changed conditions the relief originally sought by appellant cannot be granted upon the reversal of such judgment."

The recent decision of this court in Hansen v. Gregory County, 63 S. D. 116, 256 N. W. 797, cited by counsel for respondents, is readily distinguishable. Plaintiffs therein as electors and taxpayers instituted the action for the purpose of enjoining the construction of a courthouse and the expenditure of county funds therefor. The named defendants were the contractors, Gregory county, the county commissioners, auditor and treasurer. The contractors were never served with process. Plaintiffs appealed from a judgment vacating a temporary restraining order and dismissing the complaint. The respondents, Gregory county and the officers named, moved in this court for a dismissal of the appeal. It appeared from affidavits presented in support of the motion that the contractors proceeded with the work of constructing the courthouse and that the same had been accepted and paid for. Appellants who were in default did not resist the motion and with respect to the contractors the judgment was not conclusive of a material fact therein

adjudicated. Under these circumstances, the appeal was dismissed.

■■ This court will not dismiss an appeal upon the ground that the questions involved have become moot unless it appears clearly and convincingly that actual controversy has ceased; it must appear that the only judgment which could be entered would be ineffectual for any purpose and would be an idle act so far as concerns rights involved in the action. Smith v. Lyle, 54 S. D. 385, 223 N. W. 318; State ex rel. Coolsaet v. City of Veblen, 56 S. D. 394, 228 N. W. 802; City of Brookings v. Martinson, 60 S. D. 127, 243 N. W. 915. We think, therefore, without intending to express an opinion as to whether the instant actions are maintainable, that the actions should not be summarily concluded on the motions to dismiss the appeals.

■■ Appellant DePue did not furnish cost bonds on appeal. He contends that the appeals were taken by him as mayor of the city of Plankinton and that he was not required by statute to furnish cost bonds on appeal. We think that said appellant suing as a citizen and taxpayer has not appealed in an official capacity within the contemplation of SDC 33.0722, exempting among others municipal officers appealing in such capacity from furnishing undertakings on appeal. This appellant urges that leave to make the appeals effectual should be granted in the event of a decision adverse to his contention. This court has the authority and should under the circumstances permit furnishing of cost bonds. SDC 33.0729; Sagness v. Farmers Co-op. Creamery Co., 67 S. D. 183, 291 N. W. 60. Leave is therefore granted to said appellant to furnish proper bonds within ten days after the filing of this opinion.

We conclude that the motions to dismiss are untenable and the same are therefore denied.

WARREN, P.J., and POLLEY and RUDOLPH, JJ., concur.

SMITH, J., absent.