MARKHAM, Alien Property Custodian, v. GORDER et al.

No. 13018.

Circuit Court of Appeals, Eighth Circuit.

Aug. 27, 1945.

Albert Parker, Sp. Asst. to Atty. Gen. (Herbert Wechsler, Asst. Atty. Gen., Harry LeRoy Jones and Warren F. Wattles, Sp. Assts. to Atty. Gen., and George Philip, U. S. Atty., of Rapid City, S. D., with him on the brief), for appellant.

Alex Rentto, of Deadwood, S. D. (W. G. Rice, of Deadwood, S. D., on the brief), for appellees.

Before STONE, GARDNER, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The action is one by the Alien Property Custodian[1] against the trustees under the will of Christina Louise Peterson, who died in 1940 bequeathing part of her estate in trust for eight German nationals and five Danish nationals, "said trust to continue until the cessation of hostilities between France, England and Germany and at said time or as soon thereafter as practicable said trust shall be distributed to the parties * * * named." By Vesting Order No. 651, dated January 9, 1943, and published on January 19, 1943, 8 Fed.Reg. 893, the Custodian had vested in himself "all right, title, interest, and claim of any kind or character whatsoever" of the eight German nationals in the trust. The purpose of the present action was to confirm the Custodian's right and title under the vesting order to the interests of the German beneficiaries and to obtain an order requiring the trustees "to deliver to the plaintiff the entire corpus and accumulated income constituting the shares of said German nationals."

The case is here on an appeal by the Custodian from the order made on his motion for judgment on the pleadings. The trial court, in its findings and conclusions, held that the Custodian had legally succeeded to "all rights, interests and shares" of the German nationals in the trust fund and was entitled to a declaratory judgment to that effect, but that he should be denied any further relief in the action, because the court had "no power or jurisdiction to determine whether or not the Alien Property Custodian is presently entitled to payment

[1] The action is based on the Trading with the Enemy Act, 40 Stat. 411, 55 Stat. 839, 50 U.S.C.A.Appendix § 1 et seq.

of his interest in said trust fund, or whether said trust should be terminated with respect to the interests therein which have been acquired by the Alien Property Custodian."

The complaint shows that at the time the trustees had received the property from the probate court, on the completion of the administration of the decedent's estate, they had qualified as trustees in the Circuit Court of the 8th Judicial Circuit, Lawrence County, South Dakota, a state court of general equitable jurisdiction, and had since been administering the trust estate under the direction and control of that court. The Custodian concedes here that he was not entitled to an order from the federal court, such as his complaint demanded, directing the trustees "to deliver to the plaintiff the entire corpus and accumulated income constituting the shares of said German nationals." He admits now that it would not have been proper for the federal court, by a payment-decree against the trustees, to oust the state court's possession, control and accounting right. "We do contend, however," he says in his brief, "that the federal district court has jurisdiction to determine and should have determined that the testamentary provision for postponing distribution of the trust fund until the 'cessation of hostilities between France, England and Germany' is inoperative as to the thirteen-eighteenths interest in the trust property which has vested in the Alien Property Custodian."

What the Custodian therefore has sought to accomplish by the taking of this appeal is to obtain a declaratory judgment to the effect that, as to his undivided interest in the trust assets, he was entitled to have the trust terminated before the "cessation of hostilities between France, England and Germany." But, on the face of the pleadings, which is as far as we can go on the Custodian's motion for judgment, that question or controversy would seem to have become moot since the taking of the appeal, because, though formal peace terms have not yet been imposed, hostilities between France, England and conquered Germany have now been declared officially to have ceased. The testatrix herself has directed distribution to be made "at said time or as soon thereafter as practicable." "As soon thereafter as practicable" would appear on the face of the language to mean as soon after the cessation of hostilities as it was possible for the trustees to deliver the property to the beneficiaries or their legal successors in interest. That condition, so far as the Custodian is concerned, manifestly exists at the present time. If the testatrix's language was not intended to have this literal significance, then the matter would be one for the determination of intention in the light of extraneous circumstances, and it could not be attempted to be reached on a motion for judgment on the pleadings, such as the Custodian has done.

Hence, even if the trial court might have had jurisdiction, without interfering with state court prerogative, to enter a declaratory judgment to the effect that, on the vesting of the beneficial interests of the German nationals in the Custodian, the testatrix's purpose in providing for a postponement of distribution to them was no longer being served by a continuation of the trust (Cf. Restatement, Trusts, § 337; 3 Scott on Trusts, § 337; South Dakota Code of 1939, § 59.0215), and that the Custodian therefore was entitled to have the trust terminated as to his interest, such an adjudication on the pleadings would now seem to be legally academic and judicially unnecessary.

On the circumstances of the situation, the appeal will accordingly be dismissed.