ZIMMERMAN, Appellant, v. BOHR, Respondent

(30 N. W.2d 4.)

(File No. 8927.   Opinion filed December 1, 1947.)
Rehearing Denied Jan. 12, 1948.

**Bielski, Elliott & Lewis, R. A. Bielski** and **Owen T. Lewis,** all of Sioux Falls, for Appellant.

**Doyle & Mahoney,** of Sioux Falls, and **Fellows & Fellows, of Mitchell,** for Respondent.

SICKEL, P.J.   This is an action brought to try the right to public office.   Everal A. Zimmerman, the plaintiff, alleged in her complaint that she was elected to the office of county auditor of Miner county at the general election held in 1944 for a term of two years ending on the first Monday in March 1947; that she was opposed for re-election in 1946 by LeRoy F. Bohr, defendant, and defeated.   She also alleged that a certificate of election was issued to defendant in due course and that he qualified for the office by filing his official bond and oath of office.   Plaintiff then alleged that defendant failed to file with the county auditor a statement of campaign expenses within thirty days after election, as required by SDC 16.2007, and that for such violation of law the defendant forfeited his right to the office to which he was elected.   On motion by defendant the plaintiff's complaint was dismissed by the court, and plaintiff appealed.

This action was not brought by the state's attorney, but by appellant as a person who claims to have a special interest in the action, on leave granted by the circuit court as required by SDC 37.05.   It is appellant's contention that respondent has forfeited his right to the office according to provisions of SDC 16.2012; that she has a special interest in this action because of her right to hold over until her "successor shall have been elected or appointed and has qualified."   SDC 48.0314.

██ It is well established as the law of this state that the continued existence of a controversy, pending the appeal, iss essential to appellate jurisdiction. Dickson v. Lord, 58 S. D. 643, 238 N. W. 21. In this action the judgment of dismissal was filed, and notice of entry thereof was served on appellant, February 21, 1947. Appellant's term of office as county auditor expired on the first Monday of March 1947. On that day she vacated the office and served notice of appeal. On the same date respondent, who had previously filed his bond and oath, assumed the duties of the office. When she surrendered the office she knew the grounds upon which disqualification of respondent was claimed, and that the circuit court had dismissed her action. Cf., Smith v. Reid, 60 S. D. 311, 244 N. W. 353. She does not contend that she vacated the office under any form of compulsion. We, therefore, conclude from the record on appeal and the briefs that appellant voluntarily abandoned the office at the end of her term and at least since that time has had no special interest which entitles her to continue the litigation. State v. Boyd, 34 Neb. 435, 51 N. W. 964; State v. Moores, 52 Neb. 634, 72 N. W. 1056; State v. Barnes, 136 Minn. 438, 162 N. W. 513; Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 24.

Judgment affirmed.