CAMPBELL et al., Appellants v. FRITZSCHE et al., Respondents

(105 N.W.2d 675)

(File No. 9830. Opinion filed November 7, 1960)

**Gallagher & Battey,** Redfield, for, Plaintiffs and Appellants.

**Temmey & Luby,** Huron, for Defendants and Respondents.

RENTTO, J. The school board of Whiteside School District No. 2 in Beadle County decided to close the grade school it had maintained and send its students to the Wessington Independent School District at Wessington, South Dakota. The appellants and other residents of the district petitioned the board to assign their children to the Wolsey Independent School District at Wolsey, South Dakota. This was denied. On appeal to the circuit court judgment was entered assigning all the elementary students of the district to Wessington except those of two families. These were assigned to Wolsey. This appeal is from that part of the judgment assigning appellants' children to the Wessington School.

On March 14, 1959 a petition was presented to the Whiteside school board requesting an election on the question of closing their school and sending the students to Wessington during the 1959-1960 term. The election was had and the

proposition carried. Thereafter, on May 17, 1959 the school board took action assigning all the elementary students of its district to Wessington for the 1959-1960 school term. It was at this juncture that the board was requested to assign some of the students to Wolsey.

■ While appellants urge and argue several questions concerning the election and the action taken by the board, we are faced at the outset with respondents' motion to dismiss the appeal on the ground that it presents a question which is moot. This is predicated on the fact that the decision of the board and the judgment of the court which are involved in this appeal, assigned the students for only the school year 1959-1960, which term ended several months before the matter was presented to this court. Although the power and duty of a court to dismiss a matter for lack of controversy are undoubted it is a power that should be exercised only when the mootness appears clearly and convincingly.

■ ■ On the question of mootness the decisions of this court have recognized some basic principles. The existence of an actual controversy is an essential requisite to appellate jurisdiction. In the absence of a controversy an adjudication is an idle and ineffectual act, or as was said in Markham v. Gorder, 8 Cir., 150 F.2d 894, 895, in that situation it would "seem to be legally academic and judicially unnecessary." Generally stated there is no controversy if on account of changed conditions the relief originally sought by the appellant cannot be granted, if the judgment is reversed. However, even in these circumstances. the matter is not moot where the judgment appealed from, if left unreversed, will preclude an appellant as to a fact vital to its rights. Clarke v. Beadle County, 40 S.D. 597, 169 N.W. 23 and 41 S.D. 329, 170 N.W. 518; State ex rel Coolsaet v. City of Veblen, 56 S.D. 394, 228 N.W. 802; Dickson v Lord. 58 S.D. 643, 238 N.W. 21; City of Brookings v. Martinson, 60 S.D. 127, 243 N.W. 915 ;Scovel v. Pennington County, 66 S.D. 75. 278 N.W. 176; City of Plankinton v. Kieffer, 69 S.D. 597, 13 N.W.2d 298.

596

An examination of this matter in the light of these principles compels the conclusion that this appeal should be dismissed. Clearly the controversy between these parties ceased to exist upon the termination of the 1959-1960 school year. Dickson v. Lord, supra. Nor are we able to see where these appellants are precluded as to a fact vital to their rights, by the judgment appealed from. While appellants claim that the trial court's application of the statute involved deprives them of their prerogative to select the school their children should attend, they do not point out any fact vital to their rights as to which they would be precluded if the judgment remains unreversed.

Under these circumstances an adjudication in this matter would be no more than advisory, and that only under the fact situation here present. In Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50, 55, it is written "No consideration of policy or convenience should induce a court to render a decision which would be merely advisory." Accordingly, this appeal must be and is dismissed without costs.

All the Judges concur.