VALE IND. SCHOOL DIST., Respondent v. SMEENK et al., as members of the BUTTE CO. BD. of EDUCATION, Appellant

(179 N.W.2d 117)

(File No. 10514. Opinion filed August 18, 1970)

**Wm. E. Anderson,** Belle Fourche, for defendant and appellant.

**Dale L. Morman,** Sturgis, for plaintiff and respondent.

ROBERTS, Presiding Judge.

This appeal involves transfers of territory from the Vale Independent School District to the Newell Independent School District, then existing districts in Butte County. It appears that the transfers were based upon nine separate petitions by resident electors filed in April, May and June 1966, pursuant to the provisions of SDC 1960 Supp. 15. 2017(1) as amended by Chap. 45, Laws 1965 (SDCL 13-6-85). The amended statute reads as follows:

> "A minor boundary change, affecting not more than five per cent of the assessed valuation of the school district from which the area is to be taken, may be made upon an application for a boundary change made to the county board of education in the form of a petition signed by over fifty per cent of the electors residing in the area to be transferred by such boundary change."

The Vale Independent School District filed separate notices of appeal to the circuit court from the decisions of the Butte County Board of Education granting the nine boundary changes and from an order requiring payment of taxes to the Newell district collected by the Vale district on the lands involved in the transfers. The several proceedings were upon stipulation of counsel consolidated for the purpose of trial. The Vale school district contended in the court below that the county board abused its discretion and exceeded its statutory authority in granting the petitions and that such board was without authority to direct the transfer of assets from one independent school district to another. The matters were submitted to the circuit court on stipulated facts and introduction of evidence. The trial court made findings of fact and conclusions of law and entered judgment in favor of the Vale Independent School District.

The trial court, among other facts, found that "the appellant Vale Independent School District #28 is a regularly organized independent school district located in Butte County, South Dakota, which district maintains and has maintained a grade and high school located at Vale, South Dakota, for many years. * * * That the respondent upon petitions presented * * * for minor boundary changes transferred approximately a total of 30% of the assessed valuation of the property of the appellant school district from that district to the Newell Independent School District at Newell, South Dakota. * * * That the effect of the nine (9) minor boundary changes is to deprive the appellant school district of sufficient property subject to taxation to maintain the grade and high school in the appellant school district. * * * That the minor boundary changes granted follow no reasonable pattern by way of establishing a legal and uniform boundary between school districts. That the transfers do not constitute one solid block of property and actually, such transfers if permitted to stand, would place property in the Newell Independent District which is closer to the Vale school and which is more accessible to the Vale school by normal routes and means of travel. * * * That the respondent Board of Education either knew or in the exercise of reasonable judgment could have ascertained that the series of minor boundary changes would operate to destroy the economy of the Vale Independent District." From the judgment of the circuit court decreeing the boundary changes null and void, the Butte County Board of Education appealed to this court. There was no stay of proceedings pending outcome of the appeal nor does the record disclose that any assets were transferred as directed by the county board.

█ The legislature in 1951 enacted a statute, Chap. 81, Laws 1951, prescribing a procedure for effecting the reorganization of school districts. A school law revision act, Chap. 41, Laws 1955, repealed such provisions of the 1951 statute and reenacted with amplification provisions for reorganization. This statute created a county board of education in each county consisting of seven members with broad powers relative to the formation, consolidation and

subdivision of school districts and alterations in their boundaries. Generally speaking the 1955 statute was designed to effect voluntary reorganizations by the qualified electors in districts affected by proposed changes or the county board. The statute, however, expressly imposed certain requirements and limitations for reorganization. Section 5, of Chapter 8, of Chapter 41, Laws 1955. That section, as amended, became SDCL 13-6-4 (including sections therein cited), reading as follows:

"Reorganization of school districts by either the electors or the county board of education must meet the requirements set forth in §§ 13-6-5 to 13-6-9, inclusive."

The legislature in the exercise of its plenary powers over the establishment and reorganization of school districts enacted a statute, Chap. 38, Laws 1967, creating the State Commission of Elementary and Secondary Education consisting of five members and provided comprehensive changes in requirements and limitations for reorganization. Chapter 38 was submitted at the general election in 1968 to a referendum vote and became effective when it was approved at such election by the electorate of the state. The provisions contained in section 13-6-4, supra, were amended by Section 3, Chap. 38, supra, to read in part as follows:

"Requirements and limitations for reorganization. Reorganization of school districts by the electors, the county board of education, State Board of Education, or the State Commission on Elementary and Secondary Education must meet the following requirements:

(1) All territory or land area within the State of South Dakota shall on or before July 1, 1970, become a part of an independent school district offering an accredited school program and meeting the standards adopted by the State Board of Education, provided, however, that no superimposed high school district shall qualify except those in existence as of July 1, 1968. * * *

If any land area within the state has not become a part of an approved independent school district in accordance with the provisions of this Act on or before January 1, 1969, or to be effective on July 1, 1970, or if any boundary changes or adjustments of land area are necessary, the State Commission on Elementary and Secondary Education shall provide for a hearing for the residents of any land area so involved and shall by resolution take one of the following courses of action:

(a) create an approved independent school district, or

(b) combine, attach, and make any boundary change or adjustment of land area as may be deemed necessary, or

(c) request additional information and study prior to taking any course of action under (a) or (b) above. * * *

When the State Commission on Elementary and Secondary Education takes action under subsection (b) above, said Commission shall direct the Superintendent of Public Instruction to notify within ten days by mail the county boards of education, the school districts boards affected, and the county officials affected to take the necessary steps to implement the action taken by the State Commission on Elementary and Secondary Education. * * *

Notice of any actions or resolutions whereby any school district is eliminated or created shall be filed with the Secretary of State as provided in Chapter 266, Session Laws of 1965."

On June 18, 1969, the State Commission pursuant to the statute above quoted filed with the Secretary of State notice of its actions whereby any school district in Butte County was "eliminated or created". It appears from the

recitals therein that the commission, acting under the provisions of the 1967 statute did on May 20, 1969, combine and attach to the Newell Independent School District "all the land area" of the Vale school district including "those land areas pending decision of the Supreme Court concerning former boundary changes", and that the board and officers having duties to perform with respect to the attachment of such territory had been notified of such action of the commission and were instructed to take necessary steps to implement the same. This court takes judicial notice of the aforementioned legislation and of the official record in the office of the Secretary of State giving notice of actions of the State Commission on Elementary and Secondary Education occurring during the pendency of the present proceedings. State ex rel. Kornmann v. Larson, 81 S.D. 540, 138 N.W.2d 1. As indicated, the record discloses that the land areas here involved together with other lands have been attached to the Newell Independent School District and that respondent school district has in the words of the statute been eliminated by the State Commission.

The obvious purpose of the legislature in so modifying the statutory procedure was to provide an adequate and speedy method of procedure by which to embrace substantially "all the territory or land area" in the state within independent school districts operating accredited schools and thus to assure more uniformity in educational opportunities in the public school system. We need not consider Chapter 94, Laws 1970, supplementing the provisions of the 1967 statute. It contains no provisions applicable to the disposition of the present appeal.

It is a well settled rule that an appellate court should not retain an appeal for the mere purpose of deciding a moot question. Dickson v. Lord, 58 S.D. 643, 238 N.W. 21; Zimmerman v. Bohr, 72 S.D. 78, 30 N.W.2d 4. Where by reason of a lapse of time the circumstances have changed so that the court cannot render a judgment which can be made effective, the appeal will be dismissed. Clarke v. Beadle County, 40 S.D. 597, 169 N.W. 23, affirmed 41 S.D.

329, 170 N.W. 518; State ex rel. Coolsaet v. City of Veblen, 56 S.D. 394, 228 N.W. 802; City of Plankinton v. Kieffer, 69 S.D. 597, 13 N.W.2d 298.

■ This court has repeatedly held that the establishment or creation of school districts is legislative in character and a school district and its inhabitants have no vested rights in the existence of a district or its boundaries. Stephens v. Jones, 24 S.D. 97, 123 N.W. 705; Thies v. Renner, 78 S.D. 617, 106 N.W.2d 253, and cases cited. As mentioned the trend toward school reorganization and unification of districts in this state commenced prior to and continued during the course of the present proceedings. The Vale school district has lost its separate entity and the schools of the former districts are now governed by the board of the unified district. The change in circumstances pending appeal is such that the relief asked cannot be granted.

The appeal is dismissed.

RENTTO, BIEGELMEIER and HOMEYER, JJ., concur.

HANSON, Judge (specially concurring).

I would affirm on the merits.