**In the Matter of the Parole Revocation of Joel Lee MAXWELL.**

**No. 11839.**

Supreme Court South Dakota.

Dec. 22, 1976.

Ronald E. Brodowicz, Pennington County Public Defender, Rapid City, and Lori Scully, Legal Intern, for appellant Joel Lee Maxwell.

John P. Guhin, Asst. Atty. Gen., Pierre, for respondent State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on brief.

RAMYNKE, Circuit Judge.

On February 21, 1974, Joel Lee Maxwell plead guilty to an information charging him with the crime of third degree forgery in Circuit Court, Seventh Judicial Circuit, Pennington County, and he was sentenced to three years in the South Dakota State Penitentiary.

On August 16, 1974, Maxwell was granted parole by the South Dakota Board of Pardons and Paroles. On January 21, 1975, Maxwell was taken into custody for allegedly violating the terms of that parole. On April 25 and 26, 1975, a parole revoca-

tion hearing was held before the Board of Pardons and Paroles at the penitentiary at Sioux Falls, South Dakota. Following that hearing, the Board entered an order revoking Maxwell's parole. This order was brought before the Hughes County Circuit Court on appeal under the Administrative Procedures Act, SDCL 1–26.

The Sixth Judicial Circuit Court in Hughes County found that the Administrative Procedures Act was not a correct remedy for challenging or appealing the validity of a parole revocation made by the Board of Pardons and Paroles; that SDCL 23–52–1(5) provides post-conviction relief procedure which should have been used in the present case.

This court affirms the trial court. SDCL 23–52–1 provides that post-conviction relief may be sought:

"Except at a time when direct appellate relief is available, any person who has been convicted of, or sentenced for, a crime and who claims:

\* \* \* \* \* \*

(5) That his sentence has expired, his probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint

\* \* \* \* \* \*

may institute a proceeding under this chapter to secure relief."

The post-conviction chapter also provides that such remedy "is not a substitute for nor does it affect any remedies which are incident to the proceedings in the trial court, or any remedy of direct review of the sentence or conviction." SDCL 23–52–2. A parole revocation is not a proceeding in the trial court nor a direct review of a sentence or conviction as contemplated in the above-cited statute. The post-conviction statute goes on to mandate: "Except as otherwise provided in this chapter, it (a post-conviction proceeding) comprehends and takes the place of all other common law, statutory or other remedies which have heretofore been available for challenging the validity of the conviction or sentence,

and shall be used exclusively in place of them." SDCL 23–52–3.

It is the determination of this court that SDCL 23–52 is the appropriate procedure by which to challenge a parole revocation. The Administrative Procedures Act (SDCL 1–26) was enacted to give citizens redress from actions of truly "administrative" agencies. It was not the intent of the legislature to remove or modify the post-conviction relief procedures available to those complaining of an unlawful parole revocation.

On two previous occasions, in *Crew v. Nelson*, 1974, S.D., 216 N.W.2d 565, and *State v. Minkel*, 1975, S.D., 230 N.W.2d 233, habeas corpus actions were filed in instances which should have properly come under SDCL 23–52, the post-conviction relief statutes. In both instances, the court heard the matter as though it had been properly brought as a post-conviction relief matter. The court stated:

"SDCL 23–52–3 replaces all other remedies, including habeas corpus, which were previously available to a defendant challenging the validity of his conviction or sentence. The appellant's petition, while nominally seeking a writ of habeas corpus, does not refer to any statute and fulfills all of the requirements of the post-conviction statute. \* \* \* We will treat the matter here as a denial of post-conviction relief as no one has been prejudiced by the use of the wrong words in seeking the right remedy." *Crew v. Nelson*, 216 N.W.2d at 566.

Appellant argues that this procedure should have been followed here and that failure of the trial court to do so was an abuse of discretion. The right to consider an action brought under the Administrative Procedures Act as being in reality an action brought under the Post-Conviction Relief Act is discretionary with the trial court. In this case, the appellant had based his appeal to the circuit court on procedural violations of the Administrative Procedures Act. It would be impossible for the court to take this matter as being filed under Post-Con-

viction Relief and then consider the defenses which were based on Administrative Procedures Act requirements. The venue for the hearing of this matter when brought under the proper statute would not be in Hughes County where the Administrative Procedures Act appeal was filed, but would have to be brought in Pennington County where the original offense occurred.

This court finds that the trial court was entirely justified in its discretionary refusal to hear the matter as a post-conviction hearing when it had been improperly filed under the Administrative Procedures Act.

The judgment of the trial court is affirmed.

DUNN, C. J., and WINANS and WOLLMAN and COLER, JJ., concur.

RAMYNKE, Circuit Judge, sitting for ZASTROW, J., disqualified.