**Joel Lee MAXWELL, Petitioner
and Appellant,**

**v.**

**STATE of South Dakota, Respondent.**

**No. 11979.**

Supreme Court of South Dakota.

Jan. 16, 1978.

Ronald E. Brodowicz, Pennington County Asst. Public Defender, Rapid City, for petitioner and appellant.

John P. Guhin, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

LUND, Circuit Judge.*

This appeal challenges the validity of the petitioner's parole revocation by the South Dakota Board of Pardons and Paroles. On February 21, 1974, petitioner pleaded guilty to an information charging him with the crime of third degree forgery, and the court sentenced him to serve three years in the state penitentiary. He was released on parole on October 7, 1974, and was taken into custody on January 22, 1975, for alleged parole violation. On February 5, 1975, petitioner was returned to the penitentiary. His parole was revoked on April 26, 1975, after a revocation hearing before the South Dakota Board of Pardons and Paroles. He first appealed from the revocation under the Administrative Procedures Act, SDCL 1–26. This court determined that the Administrative Procedures Act was not a correct remedy for challenging the validity of the order of the South Dakota Board of Pardons and Paroles revoking his parole. *Matter of Maxwell,* 1976, S.D., 248 N.W.2d 400.

On December 16, 1975, the petitioner filed in the trial court his petition for post-conviction relief under SDCL 23–52, challenging the validity of his parole revocation. He requested the trial court to release him from the state penitentiary, reinstate his parole, and expunge from his record any reference to his alleged parole violation. On January 2, 1976, the state served and filed its answer to said petition. On April 28, 1976, petitioner filed an amended petition for post-conviction relief as requested by his original petition. On June 10, 1976, the state moved the trial court for an order dismissing petitioner's amended petition. Subsequently, and effective June 15, 1976, the trial court entered judgment dismissing said amended petition on the basis that it failed to state any claim upon which the court may grant relief. The trial court filed a certificate of probable cause, and the petitioner has appealed to this court from such judgment of dismissal.

In petitioner's opening brief, counsel has represented to this court that the petitioner was released from the state penitentiary on June 2, 1976, and has argued that "[t]his appeal is not moot due to appellant's release following the service of his sentence." The fact of petitioner's discharge and unconditional release from the penitentiary is confirmed by the state. The issue of mootness was not considered by the trial court.

■ The first question which arises is whether or not the issue of mootness is properly before the court because it was not raised nor decided in the trial court. In support of the proposition that the issue of mootness is properly before this court, it should be noted at the outset that:

(1) The petitioner has not only raised the issue but has briefed and argued it.

(2) At the time of the entry of judgment of dismissal on August 17, 1976, petitioner was no longer under any type of supervision or control by the state or its correctional authority.

(3) Petitioner is not challenging his conviction or sentence imposed by the court. His appeal is based on alleged errors occurring at a parole revocation hearing and from the judgment of the trial court dismissing his amended petition for post-conviction relief.

■ The question of mootness, which was suggested and raised in oral argument, was considered by this court in *Geelan v. State,* 85 S.D. 346, 182 N.W.2d 311.

In *Zimmerman v. Bohr,* 72 S.D. 78, 30 N.W.2d 4, this court stated as follows:

"It is well established as the law of this state that the continued existence of a controversy, pending the appeal, is essential to appellate jurisdiction."

In *Vale Independent School District No. 28 v. Smeenk,* 85 S.D. 182, 179 N.W.2d 117, this court stated:

"It is a well settled rule that an appellate court should not retain an appeal for the mere purpose of deciding a moot question. *Dickson v. Lord,* 58 S.D. 643, 238 N.W. 21; *Zimmerman v. Bohr,* 72

* In accordance with SDCL 16–1–5.

S.D. 78, 30 N.W.2d 4. Where by reason of a lapse of time the circumstances have changed so that the court cannot render a judgment which can be made effective, the appeal will be dismissed. *Clarke v. Beadle County*, 40 S.D. 597, 169 N.W. 23, affirmed 41 S.D. 329, 170 N.W. 518; *State ex rel. Coolsaet v. City of Veblen*, 56 S.D. 394, 228 N.W. 802; *City of Plankinton v. Kieffer*, 69 S.D. 597, 13 N.W.2d 298."

In *Campbell v. Fritzsche*, 78 S.D. 593, 105 N.W.2d 675, the appellant appealed from a judgment assigning certain students to the district of Wessington. An election was held in the district whereby the proposition of sending the students to Wessington carried, and the school board accordingly assigned the students to Wessington. On appeal, the respondents moved that the appeal be dismissed on the proposition that the appeal was then moot. The court stated as follows:

"Although the power and duty of a court to dismiss a matter for lack of controversy are undoubted it is a power that should be exercised only when the mootness appears clearly and convincingly.

"On the question of mootness the decisions of this court have recognized some basic principles. The existence of an actual controversy is an essential requisite to appellate jurisdiction. In the absence of a controversy an adjudication is an idle and ineffectual act, or as was said in *Markham v. Gorder*, 8 Cir., 150 F.2d 894, 895, in that situation it would 'seem to be legally academic and judicially unnecessary.' Generally stated there is no controversy if on account of changed conditions the relief originally sought by the appellant cannot be granted, if the judgment is reversed. However, even in these circumstances, the matter is not moot where the judgment appealed from, if left unreversed, will preclude an appellant as to a fact vital to its rights. (citations omitted)

"An examination of this matter in the light of these principles compels the conclusion that this appeal should be dismissed. Clearly the controversy between these parties ceased to exist upon the termination of the 1959–1960 school year. *Dickson v. Lord* [58 S.D. 643, 238 N.W. 21]. Nor are we able to see where these appellants are precluded as to a fact vital to their rights, by the judgment appealed from. While appellants claim that the trial court's application of the statute involved deprives them of their prerogative to select the school their children should attend, they do not point out any fact vital to their rights as to which they would be precluded if the judgment remains unreversed."

The general principles of mootness are set forth in 4 Am.Jur.2d, Appeal and Error, §§ 272 through 274, and 5 Am.Jur.2d, Appeal and Error, §§ 760 through 771.

At 9 A.L.R.3d, p. 462, there is an annotation entitled: "Comment Note.—When Criminal Case Becomes Moot so as to Preclude Review of or Attack on Conviction or Sentence." Reference is also made to the supplement thereto.

At Annot., 9 A.L.R.3d, § 8[b], it is stated as follows:

"The traditional view is that the satisfaction of a sentence by the service of a prison term renders the case moot so as to preclude a direct review of the conviction or sentence."

Following at 9 A.L.R.3d, § 8[c], it is stated:

"A growing number of courts have held that an accused's interest in clearing his name from the stigma of a criminal conviction permits a review of his conviction, as against the contention that the case is moot, even though he has satisfied the sentence by the completion of a prison sentence."

At 9 A.L.R.3d, § 8[d], it is stated as follows:

"Some courts, particularly federal and District of Columbia courts, adhere to the view that the satisfaction of a sentence by completing a term of imprisonment renders the case moot so as to preclude review of the conviction or sentence unless, as a result of the conviction or sen-

tence, the accused suffers collateral legal disabilities apart from the sentence, in which event the accused is held to have a sufficient stake in the conviction or sentence to permit him to obtain review thereof."

The United States Supreme Court in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, said:

"*St. Pierre v. United States* [319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199], must be read in light of later cases to mean that a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. That certainly is not the case here. Sibron 'has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'"

In the course of its opinion, the court set out several examples of collateral legal consequences such as the following: subsequent convictions may carry heavier penalties, civil rights may be affected, and the conviction may be used to impeach character. See also *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413.

The recent case of *State v. Wilson*, 1975, Iowa, 234 N.W.2d 140, is in point. There the appellant entered a plea of guilty to a charge of assault with intent to commit a felony. He was sentenced to serve time in the county jail. He was granted certain work release privileges. The trial court entered an order terminating his work release privileges. He made application in the trial court, attacking such revocation on the ground that he had not been given notice and a hearing thereon. The application was denied and he appealed. The court said:

"The record discloses defendant completed his one year jail term and was released prior to submission of this appeal. Thus we are faced with a question of mootness as defendant's appeal challenges only the propriety of the work release revocation. No issue is raised regarding the validity of the guilty plea, the sentence or other matters which affect defendant's reputational interest or cause him any collateral legal disadvantage beyond the sentence. This appeal does not present a matter of significant public interest or precedent as found in *Danner v. Hass*, 257 Iowa 654, 134 N.W.2d 534 where we exercised our discretion and decided an issue which was otherwise moot.

"In general an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."

The petitioner asserts in his brief and in oral argument that he faces adverse consequences in the revocation of his parole on the basis that the South Dakota Board of Pardons and Paroles, and, presumably, other state boards, consider prior parole revocations to determine parole eligibility. While the settled record does not contain any showing to support the above statement other than petitioner's assertion, we cannot ignore the provisions of SDCL 23–60–4, which states that the Board " * * * shall study the life, habits, previous environment and nature of such defendant to determine the advisability of recommending him for parole when he becomes eligible thereto from the time standpoint."

Under the provisions of this statute, a previous revocation would no doubt receive consideration by the South Dakota Board of Pardons and Paroles and would influence its judgment on any subsequent application for parole.

This court should not hear any appeal on the assumption that the defendant will commit another crime and be imprisoned again, nor should it set the stage for an easier parole for him if he does commit another crime.

It is therefore our decision that the appeal is moot, and it is unnecessary to consider the merits of the appeal.

The appeal is dismissed.

DUNN, C. J., and MORGAN, J., concur.

WOLLMAN and PORTER, JJ., dissent.

LUND, Retired Circuit Judge, sitting for ZASTROW, J., disqualified.

WOLLMAN, Justice (dissenting).

At oral argument the state conceded that because petitioner was once again in confinement in the state penitentiary and subject to the jurisdiction of the Board of Pardons and Paroles the appeal was not moot. There has been no suggestion by the state since oral argument that petitioner is no longer subject to the jurisdiction of the Board.

Under the rules governing paroles adopted by the Board of Pardons and Paroles it is provided that:

"(11) In considering the question of the release of an individual, some of the factors considered by the Board shall be:

. . . . .

(E) Revocation of previous probations and-or paroles granted to the inmate."

This rule clearly makes the matter of his prior parole revocation of vital, practical and immediate concern to petitioner, for as long as he is in custody he may very well suffer adverse consequences as a result of the revocation. Accordingly, I would hold that petitioner's claim is not moot.

I am authorized to state that Justice PORTER joins in this dissent.